J.B. BURRELL, JR., *et al.*                                          PLAINTIFFS

v.

LINDY W. DUHON, *et al*.                                              DEFENDANTS

## OPINION AND ORDER

Senior Judge Thomas B. Russell referred this matter to Magistrate Judge Lanny King for ruling on all discovery motions. (Docket #23). Plaintiffs J.B. Burrell, Jr. and Marie Burrell (hereinafter "Burrells") filed a Motion to Compel certain discovery from Defendants Lindy W. Duhon, Lindy Duhon Trucking, LLC (hereinafter "Duhon"), Forward Air Inc., Forward Air Corporation, FAF, Inc. (TN), Forward Air Services, LLC, Forward Air Solutions, Inc., and Forward Air Technology and Logistics Services, Inc. (collectively "Forward Air Defendants"). (Docket #33). The Forward Air Defendants filed a Response in opposition and the Burrells filed their reply. (Docket #34, Docket #35). Fully briefed, this matter is now ripe for adjudication. For the reasons detailed below, the Plaintiffs' Motion to Compel is GRANTED in part and DENIED in part. (Docket #33).

### Background

This matter arises from an action for personal injury by Plaintiffs, team truck drivers, who were traveling on Interstate 24 in Marshall County, Kentucky on September 30, 2017 at around 2:00 a.m. Defendants' tractor-trailer, operated by Mr. Duhon, had overturned onto its side and was stationary, having come to rest in the middle of the road. The front of the vehicle was facing backward toward oncoming traffic, with the underside facing eastward. Plaintiff J.B. Burrell, driving his own tractor-trailer, came upon the Defendants' a few minutes later and

collided with the overturned vehicle.  Plaintiffs J.B. Burrell and Marie Burrell were both injured in the collision.  On August 24, 2018, the Plaintiffs filed their lawsuit in Marshall Circuit Court, where it was subsequently removed to this Court. (Docket #1-4).

Plaintiffs assert six separate claims against Duhon and the Forward Air Defendants: (1) negligence; (2) negligence per se; (3) strict liability; (4) vicarious liability; (5) negligent hiring, retention, and training; and (6) gross negligence. (Docket #1-4 at 10-14; Docket #33 at 3).  In bringing these claims, the Plaintiffs seek to clarify the relationship between Duhon and the Forward Air Defendants.  Additionally, Plaintiffs state that they seek to place the fitness of Defendant Duhon into question, as well as the leasing practices between Duhon and the Forward Air Defendants. (Docket #33 at 4-6).

On November 9, 2018, Plaintiffs served their first set of discovery requests upon the Defendants. (Docket #33 at 2).  Given the number of Defendants, a total of eighteen sets of requests were served by Plaintiffs. (Docket #34 at 2).  Defendants served their discovery responses and objections on January 2, 2019. (Docket #33 at 2).  Following discussions between the parties, Judge King held a telephonic status conference on January 25, 2019 to attempt to resolve the outstanding discovery disputes. (Id.).  During the status conference, Judge King granted leave for Plaintiffs to file a Motion to Compel discovery, to which Defendants responded on February 14, 2019 and Plaintiffs replied on February 21, 2019.  (Docket #s 33, 34, & 35).

## Legal Standard

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense …." FED. R. CIV. P. 26(b)(1).  Relevance is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.

Albritton v. CVS Caremark Corp., No. 5:13-CV-00218-GNS-LLK, 2016 WL 3580790, at *3 (W.D. Ky. June 28, 2016) (*citing* Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (citation omitted)).  The party resisting discovery has the burden to "show that the material sought either falls beyond the scope of relevance, or is so marginally relevant that the potential harms of production outweigh the presumption in favor of broad disclosure." Bentley v. Highlands Hosp. Corp., No. 7:15-CV-97-ART-EBA, 2016 WL 762686 at *1, (E.D. Ky. Feb. 23, 2016).   However, the scope of discovery is not unlimited.  "On motion or on its own, the court must limit the frequency or extent of discovery … if it determines that … the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of discovery in resolving the issues." Albritton, 2016 WL 3580790 at *3, (*quoting* FED. R. CIV. P. 26(b)(2)(C)(iii)).  The determination of "the scope of discovery is within the sound discretion of the trial court." Cooper v. Bower, No. 5:15-CV-249-TBR, 2018 WL 663002, at *1 (W.D. Ky. Jan. 29, 2018), *reconsideration denied*, 2018 WL 1456940 (W.D. Ky. Mar. 22, 2018) (*quoting* Chrysler Corp. v. Fedders Corp., 643 F.2d 1229, 1240 (6th Cir. 1981)).

A Plaintiff may not be permitted to "go fishing" through discovery requests that are "too broad and oppressive." Surles ex rel Johnson v. Greyhound Lines, Inc., 474 F.3d 288, 305 (6th Cir. 2007).  A discovery request for otherwise relevant documents may be too broad or otherwise overly burdensome when it applies to a generally broad category or group of documents or a broad range of information, *see* Transamerica Life Inc. Co. v. Moore, 274 F.R.D. 602, 609 (E.D. Ky. 2011), or where it requires the producing party to incur excessive costs that outweigh the benefits to the requesting party. FED. R. CIV. P. 26(2)(b).

Federal Rule of Civil Procedure 33 governs interrogatories while Rule 34 governs requests to produce. Rule 33(b)(3) requires the responding party to answer each interrogatory "to the extent it is not objected to." FED. R. CIV. P. 33(b)(3). Similarly, Rule 34(b)(2)(B) requires a response to a document request to "either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons," and Rule 34(b)(2)(C) requires" [a]n objection to part of a document [request] must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2)(B), (C). Federal Rules of Civil Procedure 33 and 34 are structured such that, in combination with Rule 26(g)(1), both the requesting party and the court may be assured that *all* responsive, non-privileged materials are being produced, except to the extent a valid objection has been made. Heller v. City of Dallas, 303 F.R.D. 466,487 (N.D. Tex. 2014) (*citing* Evans v. United Fire & Cas. Ins. Co., 2007 WL 2323363 at *1, *3 (E.D. La. Aug. 9, 2007) (emphasis in original)). Federal Rule 33 requires that objections be made with specificity. Janko Enterprises, Inc. v. Long John Silver's, Inc., 2013 WL 5308802 at *7 (W.D. Ky. Aug. 19, 2013) ("Unexplained and unsupported 'boilerplate' objections are clearly improper.").

If a party fails to answer an interrogatory submitted under Rule 33 or a request to produce submitted under Rule 34, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. FED. R. CIV. P. 37(a)(2)(B). Pursuant to Rule 37 of the Federal Rules of Civil Procedure, "a party may move for an order compelling disclosure or discovery," provided that the party certifies to the Court that it has, in good faith, conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. FED. R. CIV. P. 37(a)(1); *see* id. at (a)(3)(B)(iii)-(iv) (providing that a party may move to compel answers to interrogatories

submitted under Rule 33 or to compel an inspection requested under Rule 34). The party who files a motion to compel discovery "bears the burden of demonstrating relevance." <u>Albritton</u>, 2016 WL 3580790 at *3.

### The Burrells' Interrogatories[1]

Rule 33 of the Federal Rules of Civil Procedure sets forth the process of discovery via use of interrogatories. Interrogatories may "relate to any matter that may be inquired to under Rule 26(b). FED. R. CIV. P. 33(a)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing and under oath." FED. R. CIV. P.33(b)(3). "A party to whom an interrogatory is propounded 'must provide true, explicit, responsive, complete, and candid answers.'" <u>Walls v. Paulson</u>, 250 F.R.D. 48, 50 (D.D.C. 2008) (*quoting* <u>Equal Rights Ctr. v. Post Properties, Inc.</u>, 246 F.R.D. 29, 32 (D.D.C. 2007)). Any objections to interrogatories must be stated "with specificity." FED. R. CIV. P.33(b)(4).

> **INTERROGATORY NO. 5:** Identify the source(s), basis(s), amount(s), manner(s), and extent(s) of all compensation and payments to Defendants Lindy W. Duhon, Lindy Duhon Trucking, LLC, and Loretta M. Duhon during 2016, 2017, and specifically for the trip in question culminating in the collision on September 30, 2017.

Plaintiffs request Defendants identify all payments and details surrounding those payments to the Duhons in 2015, 2016, and 2017, leading up to the incident on September 30, 2017. Defendants object to this interrogatory on grounds of undue burden, relevance, and proportionality. (Docket #34-2 at 5). Over their objection, Defendants assert that the Duhons were independent contractors compensated pursuant to the terms of their contracts. <u>Id</u>.

---

[1] The Defendants' responses to the Plaintiffs' interrogatories and requests for production are attached to the Plaintiffs' Motion to Compel. (See Docket #33-2 (Duhon) and Docket #33-3 (Forward Air)).

Defendants argue that they have provided detailed documentation to Plaintiff on the specific amount of driving Defendant Duhon performed in the ten-day period prior to the accident. They further argue that the specifics of Duhon's financial situation, particularly as relates to his ability to pay his lease via his work for the Forward Air Defendants, is not relevant. Plaintiffs seek to show a principal agent relationship between the Defendants to establish vicarious liability.

The Court agrees that the payments from the Forward Air Defendants to Defendant Duhon are relevant to this litigation and should be produced. The Forward Air Defendants admit that Defendant Duhon was an independent contractor in their employ at the time of the accident. This relationship is relevant to the litigation at issue. In attempting to prove liability, Plaintiffs seek to show that the Forward Air Defendants were vicariously liable for the actions of their agent/employee, Defendant Duhon, at the time of this accident. They also seek to show a failure of supervision and training by Forward Air with respect to its agent/employee, Defendant Duhon. The method by which Defendant Duhon was paid is one factor that can be considered in establishing a relationship that shows vicarious liability.

However, Loretta Duhon's financial information is not relevant to this case and not within the scope of discovery. Loretta Duhon is not a named party in this suit, nor was she driving the vehicle at the time of this collision. Additionally, the Defendants' point regarding the Plaintiffs' requests for financial information to verify the sufficiency of his finances to meet his tractor-trailer lease obligations is well-taken.

For these reasons, Plaintiffs' Motion to Compel a response to Interrogatory No. 5 is GRANTED as to Lindy Duhon and Lindy Duhon Trucking, LLC. Plaintiff's Motion to Compel a response to Interrogatory No. 5 is DENIED as to third-party Loretta M. Duhon.

**INTERROGATORY NO. 8:** Identify all violations of the FMCSR assessed against this Defendant during 2016, 2017, and 2018.

Plaintiffs seek disclosure of all violations of the Federal Motor Carrier Safety Regulations ("FMCSR") by Defendants. Defendants object based on lack of relevance, as well as disproportionality. (Docket #34 at 7-8). Over his objection, Defendant Duhon volunteered that he was not assessed any FMCSR violations stemming from the accident on September 30, 2017. (Docket #33 at 6-7). At the telephonic status conference on February 1, 2019, Plaintiff's counsel offered to narrow the scope of this interrogatory to only include violations of the following regulations from 2012 to 2018:

- 49 CFR § 392.3 – Operating a Commercial Motor Vehicle (CMV) while ill, fatigued, or impaired by illness or other cause;

- 49 CFR § 391.11 or § 391.15 – Driver not physically qualified, driving a CMV while disqualified, suspended for safety or non-safety related reasons;

- 49 CFR § 385.3 and § 385.11 – Identify all preliminary, proposed, conditional, unsatisfactory, or unfit final safety ratings received by any Defendant.

(Docket #33 at 7).

"The majority interpretation of Rule 33 requires that a corporation furnish such information as is available from the corporation itself or from sources under its control." Westinghouse Credit Corp. v. Mountain States Mining & Milling Co., 37 F.R.D. 348, 349 (D. Colo. 1965) (citations omitted); *see also* Am. Int'l Specialty Lines Ins. Co. v. NWI-I, Inc., 240 F.R.D. 401, 413 (N.D. Ill. 2007) ("Rule 33 imposes a duty to provide full answers to

interrogatories, including all the information within the responding party's knowledge or control.").[2]

The Defendants are obligated to produce information within their knowledge or control if requested in discovery and such requested information relevant. Plaintiffs have brought causes of action that implicate the fitness for duty of individuals in the Defendants' employ. The practices of the Defendants in qualifying their drivers for duty is relevant to this case. If a pattern of sending out disqualified drivers or drivers in sub-optimal health conditions exist, it may tend to prove or disprove the claims of the Plaintiffs. The Defendants do not dispute that this information is within their possession, they state only that it would take "hundreds of man-hours" to comply with this request. (Docket #34 at 7-8.). The Defendants may indeed have a complex corporate structure that necessitates onerous recordkeeping. However, this information is within the custody and control of the Defendants and is relevant to this litigation. Once relevance has been established, the burden is on the responsive party to prove a lack of relevance, or a disproportionate harm from the production. <u>Bentley</u>, 2016 WL 762686 at *1. Defendants have done neither here.

Plaintiffs' Motion to Compel a response to Interrogatory No. 8 is GRANTED.

---

[2] The Advisory Committee notes to the 1993 Amendments of Rule 33(b) indicate that one of the purposes of the rule is to "emphasize the duty of the responding party to provide full answers" to interrogatories. FED. R. CIV. P. 33(B) advisory committee's note to 1993 amendment. That duty is further highlighted by Federal Rule of Civil Procedure 37(a)(4), which provides that an evasive or incomplete answer is deemed to be no answer at all and can lead to the imposition of sanctions upon the party whose answer is either evasive or incomplete. FED. R. CIV. P. 37(a)(4). Moreover, the concept of requiring full and complete responses to discovery requests is reinforced by Federal Rule of Civil Procedure 26(g)(1), which states that "[b]y signing, an attorney or party certifies that to the best of the person's knowledge, information and belief formed after a reasonable inquiry, the request, response, or objection is ... consistent with these rules ... and not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation." FED .R. CIV. P. 26(g)(1)(B)(i)(ii).

**INTERROGATORY NO. 9:** Identify all lawsuits since 2000 in which this Defendant was named as a party (by jurisdiction, docket number, adverse party, and adverse counsel) and describe the type of suit, resolution, and approximate date of resolution.

Plaintiffs request disclosure of all lawsuits since 2000 in which Defendants were named as a party. The Forward Air Defendants object to this interrogatory, citing relevance, proportionality, and undue burden. (Docket #34 at 8-9). Plaintiffs subsequently modified their request to only include "personal injury and/or property damage lawsuits involving collisions of Forward Air commercial vehicles from and after 2000 to the present. (Docket #35 at 3).

Plaintiffs argue that identification of Defendants' previous participation in lawsuits will "help us determine if there is a pattern of negligence, repetitive operational deficiencies, or systemic neglect that amounts to willful or wanton misconduct, to justify a claim for punitive damages." (Docket #33 at 7-8). Alternatively, the Plaintiffs argue that past litigation may uncover arguments relating to collateral estoppel, issue preclusion, and/or res judicata. (Id. at 8). The Forward Air Defendants responded that information regarding their participation in past lawsuits has nothing to do with this case and that issues of collateral estoppel, issue preclusion, and/or res judicata will not be at issue in this litigation, unless the Plaintiffs were involved in any of the previous suits. (Docket #34 at 8-9). Defendants also argue that Plaintiffs are free to conduct their own research on this issue, as Court cases are part of the public record. (Id.).

The Court finds that the Defendants' objections to Interrogatory No. 9 are without merit. Information regarding prior personal injury and property damage lawsuits involving Defendants' commercial vehicles are relevant. Federal district courts have previously found that prior complaints, claims, and lawsuits of similar incidents may not be admissible as evidence at trial, but they are relevant and discoverable, regardless of their potential inadmissibility. Cornelius v.

Consol. Rail Corp., 169 F.R.D. 250, 251-52 (N.D.N.Y. 1996); *See also* Laws v. Cleaver, 199 WL 33117449 *1 (D.Conn. Nov. 17, 1999) (permitting discovery of defendants' prior disciplinary hearings, administrative actions and any prior lawsuits, but only to the extent that allegations were made for excessive force or mistreating an inmate); Cox v. McClellan, 174 F.R.D. 32, 34–35 (W.D.N.Y. June 11, 1997) (finding that prior complaints made against the defendants and incidents of excessive force by individual defendants are clearly discoverable in Section 1983 actions); Douty v. Rubenstein, 2015 WL 1541720 at *1, *8 (S.D.W. Va. Apr. 7, 2015) (finding that requests for disclosure of lawsuits with similar underlying facts against defendants was relevant and not overly broad). This information is within the bounds of discovery contemplated by Rule 26.

Accordingly, Plaintiff's Motion to Compel a response to Interrogatory No. 9 is GRANTED.

**INTERROGATORY NO. 13:** Please identify the persons/entities who loaded, unloaded, and secured any cargo from the commercial motor vehicle driven by Defendant Duhon on September 30, 2017, and identify the shippers and consignees of all such cargo.

Interrogatory No. 13 seeks the names of persons and entities who loaded, unloaded, and secured the cargo on Defendant Duhon's vehicle on the date of the accident, as well as the shippers and consignees of the cargo. Defendants state that they have provided information responsive to this interrogatory and that they cannot produce information that they do not have. (Docket #34 at 9).

A party cannot be compelled to produce information that it does not possess. Peavey v. Univ. of Louisville, No. 3:09-CV-00484-R, 2011 WL 1106751 at *7 (W.D. Ky. Mar. 23, 2011).

However, Plaintiffs are entitled to assurances that the Defendants have worked to verify that these documents are not within their possession or do not exist. Id. In response to this interrogatory, Defendants provided a "freight manifest" that contained information about the shippers and consigners of the cargo in Defendant Duhon's trailer. (Docket #33-6). Defendants have provided the information they have in response to this interrogatory and stated they have no further information. A party cannot be compelled to provide information it does not have.

However, Plaintiffs are entitled to a supplemental sworn statement from the Defendants affirming the lack of possession or nonexistence of these documents. Defendants must supplement their responses with a statement that they do not have any further responsive documents to this interrogatory.

Accordingly, Plaintiffs Motion to Compel further information pursuant to Interrogatory No. 13 is GRANTED in part and DENIED in part.

**INTERROGATORY NO. 15:** Please identify all investigations, inspections, audits compliance reviews, and/or inquires by the FMCSA, DOT, NTSB, Public Utilities Commission of any state, that you have been notified of, received, or participated in during the last five (5) years. Please attach copies of same with your responses to these Interrogatories.

This interrogatory seeks production of all investigations, inspections, audits, compliance reviews, and/or inquiries by the FMCSA, DOT, NTSB, or Public Utilities Commission of any state, involving Defendants. Plaintiffs modified the interrogatory to seek disclosure of "what reviews, audits, investigations, or remedial actions were taken pursuant to 49 C.F.R. § 385 for the past 10 years" (Docket #35 at 4). Defendants objected, based on relevance, proportionality, and undue burden. (Docket #34 at 9-10).

The Court concludes that interrogatory is much too broad in scope. Plaintiffs allegations are based on the belief that Defendant Duhon was not fit to drive at the time of the accident, and that the Forward Air Defendants failed to properly train and supervise him, resulting in the accident. (Docket #1-4 at 13). The Federal Motor Carrier Safety Regulations cited by Plaintiff in their interrogatory cover a wide range of topics covering areas from supervision of mechanical fitness of equipment to transportation of hazardous materials, to use of unqualified drivers, all of which goes into the calculation of a safety rating.[3]

This Court has addressed this situation before, finding that a request "to produce all citations charges, payments, and other documents concerning any investigation of [defendant] by the Federal Motor Carrier Safety Administration" in the prior four years, whether open or closed, was "much too broad in scope." Meherg v. Pope, No. 1:10CV-00185-JHM, Docket #57 at 16 (W.D. Ky. Oct. 14, 2011). As in this case, the Plaintiff's claims were premised on the driver's fatigue rendering him unfit to operate a commercial motor vehicle at the time of the accident. The Court ruled that all information contained in these investigations would not be relevant.

This Court agrees. As drafted, this interrogatory is far too broad in scope. Plaintiff may be entitled to information that more directly relates to their claims, but not all the information in these investigative documents fits that description. In their Motion to Compel, Plaintiffs state "[e]ssentially, we have asked for Forward Air to identify any efforts that were undertaken in

---

[3] 49 C.F.R. § 385 describes the areas of review in the calculation of the safety rating, which are: "(a) Commercial driver's license standard violations (part 383 of this chapter), (b) Inadequate levels of financial responsibility (part 387 of this chapter), (c) The use of unqualified drivers (part 391 of this chapter), (d) Improper use and driving of motor vehicles (part 392 of this chapter), (e) Unsafe vehicles operating on the highways (part 393 of this chapter), (f) Failure to maintain accident registers and copies of accident reports (part 390 of this chapter), (g) The use of fatigued drivers (part 395 of this chapter), (h) Inadequate inspection, repair, and maintenance of vehicles (part 396 of this chapter), (i) Transportation of hazardous materials, driving and parking rule violations (part 397 of this chapter), (j) Violation of hazardous materials regulations (parts 170–177 of this title), and (k) Motor vehicle accidents and hazardous materials incidents." 49 C.F.R. § 385.5(a)-(k).

compliance with [49 C.F.R. § 385.3(3)] for the past ten years." (Docket #33 at 8). Their Interrogatory was not phrased in this way, nor did they clarify that this specific provision classifies the specific compliance information sought. Plaintiffs may not ask for a broad category of documents with no guidance given on the actual information sought. In its current form, the interrogatory provides no specific guidance for the responding party and is not drafted in a way that requests relevant information.

For these reasons, Plaintiff's Motion to Compel a response to Interrogatory No. 15 is DENIED.

**INTERROGATORY NO. 16:** Please identify all individuals employed by you during the past five (5) years with any responsibility for compliance with the FMCSA, including their current title and location, as well as all individuals who were previously employed in that capacity but are no longer so employed.

Plaintiffs seek the identities of Defendant Forward Air's employees primarily responsible for compliance with the Federal Motor Carrier Safety Act (FMCSA). Defendants objected on grounds of relevance, proportionality, and to the extent the interrogatory sought legal opinions, analysis, or conclusions. (Docket #34 at 10).

The Court finds that this information is relevant and proportional to the needs of the case and is discoverable. Plaintiffs' suit alleges that Defendants failed to properly maintain adequate safety procedures in their conduct at the time of the accident. (Docket #1-4 at 14). The employees who had knowledge of Defendants' safety procedures will have relevant information about Defendants' compliance with those procedures, as well as their compliance with federal safety standards. Further, courts in the Sixth Circuit have found that production of these lists of employees is not unduly burdensome under the Federal Rules. *See* <u>Huang v. Continental Tire</u>

the Americas, LLC, No. 10-12598, 2011 WL 2620987 *1 (E.D. Mich. July 5, 2011) (production of a list of employees who worked on defective tires was not overly burdensome and was relevant under Federal Rules) E.E.O.C. v. Chrysler LLC, Civil Action No. 07-CV-12986, 2008 WL 2622948 at *1 (E.D. Mich. July 2, 2008) (production of a list of employees terminated or disciplined for the same reasons as plaintiff was not unduly burdensome and information was relevant to wrongful termination suit); Holt v. Campbell County, Kentucky, Civil Action No. 09-82-WOB-JGW, 2010 WL 11561488 at *3-4 (E.D. Ky. May 20, 2010) (a request for a list of all employees of a detention center was overly burdensome, but a request for a list of employees who provided medical care during a specific period of years would not be overly burdensome).

For these reasons, Plaintiff's Motion to Compel a response to Interrogatory No. 16 is GRANTED.

**INTERROGATORY NO. 17:** Please identify the names, job titles, and locations of all officers, directors, management, and employees who perform or performed in the past five (5) years, any work, duties, exercised any authority or responsibility for, or receive(d) any benefits of compensation from, any other Defendant herein or entity with any affiliation with this Defendant.

**INTERROGATORY NO. 20:** Please identify and describe in detail each Defendant with whom you are or were ever affiliated, the date and reason for any change in affiliation, and nature of any such changes.

These interrogatories ask Defendants to identify and provide information regarding the persons and entities that assisted with or participated in the conduct of Defendants' business dealings within the past five years. Defendant objects to these interrogatories based on relevance, proportionality, and undue burden. (Docket #34 at 11-12). Defendant also objects to

Interrogatory No. 20 on the basis that it seeks legal opinions or analysis, but states over its objection that it has done business with all the Defendants except FAF, Inc (OH) and that of the nineteen (19) named Defendants, only Lindy Duhon and FAF, Inc. have any involvement with or relationship to the subject accident. (Id.).

Plaintiffs argue that this information is necessary to ascertain the nature of the relationships between the Forward Air Defendants, and, their actions in maintaining FAF, Inc.'s status as an authorized carrier under the FMCSA. (Docket #33 at 9-10). Plaintiff also seeks this information to illuminate the details of the interconnectedness of the Forward Air Defendants, particularly if they "have actually observed their professed corporate relationships, or whether they are subject to the criteria for piercing their corporate veils." (Id. at 9). They further argue that any information provided in response to these interrogatories has not detailed the nature of the interactions between these entities and their actions in relation to the Forward Air carrier status. (Id. at 10). Defendants argue that these interrogatories are vague and that they should specify what "affiliated" means in this context. (Docket #34 at 12).

It is important to keep in mind that information subject to disclosure during discovery need not be directly tied to the merits of the claims or defenses of the parties. Information sought may concern the fact-oriented issues arising in connection with the case. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 (1978). However, the Court must remain within the confines of discovery proscribed by Rule 26. Herbert v. Lando, 441 U.S. 153 (1979).

Plaintiffs state that "the extent of corporate formalities observed by the Forward Air Defendants remains an open question." (Docket #33 at 9). They go on to reference the possible need for "piercing their corporate veils." (Id.). However, courts are typically hesitant to allow discovery into claims without some suggestion that the claims are viable. *See e.g.*, Bell Atlantic

Corp. v. Twombly, 550 U.S. 554 (2007).  Plaintiffs' citations of authority stand for the general

proposition that Kentucky law would provide the standard for piercing the corporate veil, as

Plaintiffs' claims are all state law claims, with federal jurisdiction coming through diversity.[4]  To

pierce a corporate veil, the court must find two separate elements: "(1) domination of the

corporation resulting in a loss of corporate separateness *and* (2) circumstances under which

continued recognition of the corporation would sanction fraud or promote injustice. Inter-Tel

Technologies, Inc. v. Linn Station Props., LLC, 360 S.W.3d 152, 165 (Ky. 2012).[5]  In Inter-Tel,

the Kentucky Supreme Court cited a variety of factors that courts should assess in analyzing

corporate separateness:

> (1) inadequate capitalization;
> (2) failure to issue stock;
> (3) failure to observe corporate formalities;
> (4) nonpayment of dividends;
> (5) insolvency of the debtor corporation;
> (6) nonfunctioning of the other officers or directors;
> (7) absence of corporate records;
> (8) commingling of funds;
> (9) diversion of assets from the corporation by or to a stockholder or other person or entity to the detriment of creditors;
> (10) failure to maintain arm's-length relationships among related entities; and
> (11) whether, in fact, the corporation is a mere façade for the operation of the dominant stockholders.
> a) Does the parent own all or most of the stock of the subsidiary?
> b) Do the parent and subsidiary corporations have common directors or officers?
> c) Does the parent corporation finance the subsidiary?

---

[4] Under the long-standing *Erie* doctrine, in actions brought in federal court invoking diversity jurisdiction, a court must apply the same substantive law as would have been applied if the action had been brought in a state court of the jurisdiction where the federal court is located. **When the success of a state law claim brought in federal court under diversity jurisdiction is dependent on piercing the corporate veil, this question of substantive law is governed by the law of the state in which the federal court sits.** In this case, all the claims brought by the plaintiffs-fraud, breach of contract, promissory estoppel, and age discrimination-are governed by state law. Therefore, the district court, sitting in Ohio, properly applied the State of Ohio's piercing law. (emphasis added.) Pro Tanks Leasing v. Midwest Propane and Refined Fuels, LLC, 988 F.Supp. 772, 782 (W.D. Ky. 2013) *citing* Corrigan v. U.S. Steel Corp., 478 F.3d 713, 723 (6th Cir. 2007).

[5] There are three main approaches to corporate veil piercing: the instrumentality theory, the alter ego theory, and the equity formulation. Inter-Tel, 360 S.W.3d at 161.  However, as the Kentucky Supreme Court noted in Inter-Tel, these three approaches are mostly interchangeable. Pro Tanks Leasing, 988 F.Supp. 783, footnote 15; *see, e.g.*, CNH Capital Am. LLC v. Hunt Tractor, Inc., 3:10-CV-350, 2013 WL 1310878, at *17 (W.D. Ky. Mar. 26, 2013).

d) Did the parent corporation subscribe to all of the capital stock of the subsidiary or otherwise cause its incorporation?
e) Does the subsidiary have grossly inadequate capital?
f) Does the parent pay the salaries and other expenses or losses of the subsidiary?
g) Does the subsidiary do no business except with the parent or does the subsidiary have no assets except those conveyed to it by the parent?
h) Is the subsidiary described by the parent (in papers or statements) as a department or division of the parent or is the business or financial responsibility of the subsidiary referred to as the parent corporation's own?
i) Does the parent use the property of the subsidiary as its own?
j) Do the directors or executives fail to act independently in the interest of the subsidiary, and do they instead take orders from the parent, and act in the parent's interest?
k) Are the formal legal requirements of the subsidiary not observed?

Id. at 163-64. The Court listed "grossly inadequate capitalization, egregious failure to observe legal formalities and disregard of distinctions between parent and subsidiary, and a high degree of control by the parent over the subsidiary's operation and decisions, particularly those of a day-to-day nature" as the most critical factors. Id. at 164.

Plaintiffs state "We know that Defendants Forward Air, Inc. and FAF, Inc. "are both direct wholly-owned subsidiaries of Forward Air Corporation and themselves 'sister companies.' Forward Air arranges all of the transportation of less than truckload shipments undertaken by FAF, Inc." (Docket #35 at 4-5 (internal citations omitted)).

It is not readily apparent why the information sought in Interrogatory No. 17 is relevant to Plaintiffs' claims. To allow extremely broad discovery of the interrelationship between corporations based on nothing more than tort claims, seems disproportionate to the needs of the case at hand. Plaintiff has not made strong arguments analyzing the applicability of the factors needed to pierce the corporate veil, nor do they argue that the parties acted as alter egos for one another, nor do they allege fraud. What they do allege is the vague possibility of a violation of corporate formalities, with no evidence supporting the assertion. Without an analysis of the factors or specific evidence of misconduct, Plaintiffs have failed to meet the threshold of

relevancy as required by Rule 26 to conduct discovery into the information sought in Interrogatory No. 17.

Interrogatory No. 20 presents a different case. The Plaintiffs request a listing and description of the affiliations between the Defendants. Broadly, this information may be relevant to the vicarious liability theory brought by Plaintiffs. If Defendant Duhon and the other Forward Air entities were engaged in relationships or affiliations, it could create additional avenues for recovery by Plaintiffs. Again, these assertions are broad, but there is relevance apparent on the face of this request.

For the reasons discussed above, Plaintiff's Motion to Compel is DENIED as to Interrogatory No. 17 and GRANTED as to Interrogatory No. 20.

**INTERROGATORY NO. 21:** Please identify and provide your SMS "Crash Indicator" category numeric rating for all time periods available and attach copies of same hereto.

This interrogatory asks Defendants to produce the "Crash Indicator" rating and information that it submits to the Federal Motor Carrier Safety Administration in compliance with 49 C.F.R. §385.19. This score is factored into the computation of the final safety ratings for motor carriers maintained by the Federal Motor Carrier Safety Administration. Defendant objects to production of this information, arguing that it is unduly burdensome, irrelevant, and not proportional to the needs of this case. (Docket #34 at 12).

49 C.F.R. §385.1 "establishes the FMCSA's procedures to determine the safety fitness of motor carriers, to assign safety ratings, … and to prohibit motor carriers receiving a safety rating of 'unsatisfactory' from operating a [commercial motor vehicle]." 49 C.F.R. §385.1(a). The motor carriers are graded and given one of three possible safety ratings: satisfactory, conditional, or unsatisfactory. 49 C.F.R. §385.3. To obtain a satisfactory safety rating, "the motor carrier

must demonstrate it has adequate safety management controls in place, which function effectively to ensure acceptable compliance with applicable safety requirements." 49 C.F.R. §385.5. The regulation lists several areas of risk that the rating considers, including the use of unqualified or fatigued drivers. *See* 49 C.F.R. §385.5(c), (g). Frequency of accidents, rates, trends, and preventability indicators are all factors that are considered in the determination of a safety rating assigned to a motor vehicle carrier. 49 C.F.R. §385.7. The final ratings are made available to the public. 49 C.F.R. §385.19.

The Court finds that this information is relevant and discoverable. In their Complaint, Plaintiffs allege negligence per se arising from the violation of these regulations and gross negligence on the part of all Defendants. (Docket #1-4 at 12-15). They also seek punitive damages. (Id.). Defendants' "Crash Indicator" ratings provide information on its knowledge of the Federal Motor Carrier Safety Administration's ratings of its safety procedures. *See* Parker v. Miller, Case No. 2:16-cv-1143, 2018 WL 3743981 at *11 (S.D. Ohio Aug. 7, 2018) (finding that a motor carrier's crash indicator, amongst other factors, can speak to knowledge or conscious disregard of safety threats in trucking context). In Kentucky, "punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or reckless indifference to the rights of others." Horton v. Union Light, Heat & Power Co., 690 S.W.2d 382, 389 (Ky. 1985); *Restatement (Second) of Torts* § 908(2) (1979).

Here, Defendants' "crash indicator" rating speaks to their knowledge of risk in their operations. Defendants' knowledge of their safety rating speaks to their knowledge of the risk of public harm, which, if recklessly disregarded, could lead to an award of punitive damages.

For these reasons, Plaintiffs' request to compel a response to Interrogatory No. 21 is GRANTED.

**INTERROGATORY NO. 22:** Please identify any external or third-party analyses, reviews, audits, or consultations you have conducted, considered, or evaluated since 2005 concerning the hiring or personnel practices you observed, any safety recommendations or operating improvements, or which provided any recommendations concerning improved efficiency or profitability.

Plaintiffs seek disclosure of any safety improvements or operating improvements in the hiring practices of the Defendants. Defendants objected to this interrogatory, arguing that it is unduly burdensome, seeks irrelevant information, and is disproportionate to the needs of the case. (Docket #34 at 13).

Defendants argue that this information encompasses the entirety of their business practices and would be a narrative report of all activities engaged in by Defendants since 2005. (Id.). They argue that while it is conceivable that such a log may contain some type of relevant information, it is far too burdensome a request that is out of proportion with the needs of this case. (Id.). Plaintiffs state that this information will help them in establishing any notice of deficiencies in conduct that were known by Defendants, thus showing a willful or wanton state of mind. (Docket #33 at 10-11).

The Court agrees with the Defendants that this Interrogatory is far too broad. While relevance is to be construed broadly, the scope of discovery is not unlimited. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). The Court has the authority to limit the contours of discovery. As another district court stated, "[O]ceanic fishing expeditions will not be permitted. Much of discovery is a fishing expedition of sorts, but the Federal Rules of Civil Procedure allow the Courts to determine the pond, the type of lure, and how long the parties can leave their

lines in the water." <u>Myers v. The Prudential Ins. Co. of Am.</u>, 581 F.Supp. 2d 904, 913 (E.D. Tenn. 2008).

On its face, this Interrogatory does not, with specificity, identify relevant information that would assist Plaintiffs in building their claims. Plaintiff provides no reasoning other than that such a broad search could unearth facts helpful to their claims. They do not cite any authority that supports their position, nor does the Court find any that supports such a broad inquiry. Without a narrowing of this inquiry, it does not meet the parameters of relevance required under Rule 26.

For these reasons, Plaintiffs' Motion to Compel a response to Interrogatory No. 22 is DENIED.

**INTERROGATORY NO. 23:** Please describe specifically and in detail all activities of both Defendant Lindy Duhon and Loretta Duhon during the 48 hours prior to the accident at approximately 2:00 a.m. on September 30, 2017.

Plaintiffs seek further information about the activities of Defendant Duhon and Loretta Duhon in the time preceding the accident. Defendants responded to this interrogatory, providing twenty-three pages of drivers logs (Bates No. 00417-00440) produced as business records pursuant to Rule 33(d). (Docket #34 at 14). Plaintiffs argue that the responses provided "do not 'describe specifically and in detail all activities' of Defendant Duhon during the 48 hours prior to the accident." (Docket #33 at 11).

The Court finds that the Defendants have provided a sufficient response to Interrogatory No. 23. Plaintiffs have not provided a listing of specific information requested. They do not cite any source of authority for the proposition that this response is insufficient, nor does this Court find any authority supporting the Plaintiffs' position. If the Plaintiffs seek further information

about Defendant Duhon's actions in the time prior to the accident, they may use other avenues of discovery to hone their inquiries.

For these reasons, Plaintiffs' Motion to Compel as to Interrogatory No. 23 is DENIED.

### The Burrells' Requests for Production

**REQUEST FOR PRODUCTION NO. 23:** All income tax returns, annexed schedules, forms, receipts, and exhibits issued or prepared by any Defendants reflecting earnings of and/or payments to Defendants Lindy W. Duhon and Lindy Duhon Trucking, LLC.

Plaintiffs seek production of various documents, including tax returns, reflecting payments and earnings of Defendant Duhon from the other Defendants. Defendants object to production of this information, arguing that it is unduly burdensome, not relevant to any issue in this action, and not proportional to the needs of the case. (Docket #34 at 14).

Plaintiffs argue that this information is relevant for three main reasons. First, evidence of Duhon's earnings "are the best indicator for his fitness for employment as mandated by 49 C.F.R. 391 *et seq.*" (Docket #33 at 11). Second, they argue that the reasons for any fluctuations in employment might lead to discovery of reasons for the accident. (Id.). Finally, they argue that Duhon's earnings "may be the only indicator of the amount of work he performed annually during the six years he worked for FAF, Inc." (Id.). In response, Defendants argue that the Plaintiffs' first two arguments are simply untrue. (Docket #34 at 14). In response to Plaintiffs' third argument, Defendants admit that the earnings would be a good indicator of the amount of work Defendant Duhon performed, but that the amount of work performed is not relevant to any issue in this case. (Id. at 15). Defendants further argue that disclosure of Duhon's sensitive financial information "would put him at risk of violation of his personal security without justification." (Id.).

The Sixth Circuit does not generally protect tax returns from disclosure. <u>DeMarco v. C&L Masonry, Inc.</u>, 891 F.2d 1236 (6th Cir. 1989); *see also* <u>Credit Life Ins. Co. v. Uniworld Ins. Co.</u>, 94 F.R.D. 113 (S.D. Ohio 1982). Some courts, in recognition of the sensitive nature of the information contained within tax returns, have adopted a qualified privilege or stricter relevancy standard. *See, e.g.,* <u>Terwilliger v. York International Corp.</u>, 176 F.R.D. 214 (W.D. Va. 1997). This standard applies a two-pronged test which analyzes whether the returns are relevant to the issues raised and, if so, whether that information is not otherwise available. <u>Id</u>. Some district courts within the Sixth Circuit have endorsed this two-part test for determining when discovery of a party's tax returns is permissible. *See, e.g.,* <u>Smith v. Mpire Holdings, LLC</u>, No. 3:08-0549, 2010 WL 711797 (M.D. Tenn. Feb. 22, 2010); <u>BM Investments v. Hamilton Family, L.P.</u>, Civil Action No. 06-14991, 2008 WL 1995101 (E.D. Mich. May 6, 2008). Meanwhile, other district courts have held that the appropriate analysis simply "is whether the tax returns are relevant to the claim or defense of any party. FED. R. CIV. P. 26(b)(1)." <u>Westbrook v. Charlie Sciara & Son Produce Co., Inc.</u>, No. 07-2657 Ma/P., 2008 WL 839745, at *3 (W.D. Tenn. March 27, 2008); *see also* Kumar v. Hilton Hotels Corp., No. 08-2689 D/P., 2009 WL 3681837 (W.D. Tenn. Oct. 30, 2009); <u>LaPorte v. B.L. Harbert International, LLC</u>, No. 5:09-CV-219, 2010 WL 4323077 (W.D. Ky. Oct. 26, 2010). The Sixth Circuit has *not* adopted the two-part test or a heightened relevancy standard. <u>Polylok, Inc. v. Bear Onsite, LLC</u>, Civil Action No. 3:12-CV-00535-DJH-CHL, 2017 WL 1102698 *4, (W.D. Ky. Mar. 23, 2017).

With respect to the issue of relevancy, courts typically find tax returns to be relevant in actions in which a party's income is in issue. *See, e.g.,* <u>Bricker v. R & A Pizza, Inc.</u>, No. 2:10-CV-278, 2011 WL 1990558, at 3 (S.D. Ohio May 23, 2011); <u>Reed v. Tokio Marine and Nichido Fire Ins. Co. Ltd.</u>, Civil Action No. 3:09-CV-00676, 2010 WL 420921 (W.D. La. Feb. 1, 2010);

Glenford Yellow Robe v. Allender, Civ. No. 09-5040-JLV, 2010 WL 1780266 (D.S.D. April 30, 2010); Twilley v. International Bedding Corp., Cause No. 1:09-CV-00033, 2009 WL 2970407 (N.D. Ind. Sept. 10, 2009); Burns v. St. Clair Housing Authority, No. 08-0258-DRH, 2008 WL 4837614 (S.D. Ill. Nov. 6, 2008).

The Court finds that the information contained in tax returns specifically is not relevant to Plaintiffs' claims. Defendant Duhon's income is not at issue in this case, thus, the information contained in tax returns is irrelevant. Plaintiffs can obtain information regarding Defendant Duhon's fitness, time worked, and amount of work performed without digging into his sensitive financial information. The burden of the production of this sensitive tax and financial information is too great to allow a fishing expedition when more narrow methods of discovery will suffice.

For these reasons, Plaintiffs' Motion to Compel a response to Request for Production No. 23 is DENIED.

**REQUEST FOR PRODUCTION NO. 34:** All documents evidencing safety audits of any kind conducted by Defendant, including but not limited to the audits of logs, grids, or ELDs for all drivers of all Defendant carriers herein from 2015 through the present.

Plaintiffs seek production of documentation of Defendants' safety audit procedures from 2015 to present. Defendants object to this production on the grounds of undue burden, relevance, and disproportionality. (Docket #34 at 15).

Defendants argue that the records of other drivers have nothing to do with the issues in this action. (Id.). They further argue that they have produced the complete personnel and driver qualification records of Lindy Duhon and his driver logs. (Id.). Plaintiffs argue that the FMCSA requires the Defendants to maintain this information in their role as Motor Carriers and that they

are entitled to see whether Defendants followed the practices mandated by the law. (Docket #33 at 12).

Like Interrogatory No. 22 above, this Request for Production is overly broad. Plaintiff is correct that motor carriers are required to comply with the laws and regulations governing the industry. However, the relevancy here is limited to Defendants' safety procedures as to Defendant Duhon. Plaintiffs' claims seek only to prove malfeasance on the part of Defendants as to their actions with regard the accident at the core of this suit. The initiation of a suit does not allow Plaintiffs to dive wholesale into all of Defendants' safety record and auditing procedures, they may only access that information which is relevant to this case. Further, Plaintiffs have cited no authority, nor does this Court find any, to support the notion that Plaintiff is entitled to discovery of records pertaining to all Defendants' employees. Plaintiff is entitled to these records pertaining to Defendant Duhon.

For these reasons, Plaintiffs' Motion to Compel a response to Request for Production No. 34 is GRANTED in part and DENIED in part.

**REQUEST FOR PRODUCTION NO. 35:** All policies, procedures, programs, rules, handbooks, and/or instructions of any type promulgated, observed, distributed, and/or provided by all Defendant carriers herein to their employees, including their drivers, which promote safety in transportation generally and/or which ensure drivers and carriers are operating in compliance with the FMCSR.

Plaintiffs seek to compel production of Defendants' employee handbooks, policies, procedures, rules, or instructions given to the employees of the Defendants. Defendants object to this production on grounds of undue burden, relevance, and proportionality. (Docket #34 at 16).

Over their objections, Defendants state that "the Federal Motor Carrier Safety Regulations Handbook is copyrighted and available for purchase from J.J. Keller & Associates, Inc." (Id.).

Defendants argue that the provisions of their "internal policies, procedures, programs, rules, handbooks, and instructions for its employees do not apply to Lindy Duhon and are not at issue in this motor vehicle accident personal injury case." (Id.). This argument is presumably centered on the independent contractor relationship between Defendant Duhon and the Forward Air Defendants. Conversely, Plaintiffs argue that the determination of applicability of these policies to Defendant Duhon is one for them to make upon examination and that the information may assist in the evaluation of their claims for negligent hiring, training, retention, and supervision, as well as other theories. (Docket #33 at 12; Docket #35 at 5).

This request is overly broad in scope as it seeks all policies, procedures, programs, rules, handbooks, and/or instructions of any type. However, information on policies, procedures, programs, rules, handbooks, and instructions that applied to Defendant Duhon as an independent contractor are relevant and subject to discovery. In a similar case before this Court, discovery was permitted as to information used to train the specific employee involved in the accident. Merriweather v. United Parcel Service, Inc., Case No. 3:17-CV-349-CRS-LLK, 2018 WL 3572527 at *17 (W.D. Ky. July 25, 2018). A similar result is warranted here. Defendants shall produce any records that correspond to this request that were used in the training, instruction, management, or supervision of Defendant Duhon. They are not, however, required to produce every policy, procedure, program, rule, handbook, and/or instruction of any type pertaining to every employee.

Accordingly, Plaintiffs' Motion to Compel a response to Request for Production No. 35 is GRANTED in part and DENIED in part.

**REQUEST FOR PRODUCTION NO. 36:** All documents required by 49 C.F.R. §§ 370.5, .7, and .9 with respect to all claims arising from or related in any way to the cargo being transported by Defendant Duhon on September 30, 2017.

Plaintiffs seek to compel production of information or documents relating to any claims for lost cargo being transported by Defendant Duhon on September 30, 2017. This request specifically seeks those documents kept in accordance with the regulations interpreting the FMCSA. Defendants object to this request, arguing that it seeks legal opinions, analysis, or conclusions. (Docket #34 at 17).

The regulations cited in this Request for Production relate to the procedures governing claims for lost cargo, specifically, the acknowledgement, investigation, and disposition of claims for lost cargo. 49 C.F.R. §§370.5, 370.7, 370.9. These regulations require the acknowledgment of claims and results of the investigations to be kept in writing for 120 days following their disposition, amongst other requirements. Id.

Here, Plaintiffs have failed to carry the burden of demonstrating relevancy. Plaintiffs argue in their Motion that they "are entitled to know whether any Defendant provided any reason for accepting or denying any claims that were made pertaining to the cargo the Defendants carried." (Docket #33 at 13). Plaintiffs make no claim for lost cargo, nor do they state any link between claims for lost cargo and the accident. They cite no authority to support their position that they are entitled to all information relating to the cargo, nor has this Court found any that supports them. Without a more specific demonstration of relevancy, the Plaintiffs are not entitled to production of this information.

Plaintiffs' Motion to Compel a response to Request for Production No. 36 is DENIED.

**Conclusion**

IT IS HEREBY ORDERED that Plaintiffs' Motion to Compel is GRANTED in part and DENIED in part, as described above. (Docket #33).

May 31, 2019

**Lanny King, Magistrate Judge**
**United States District Court**