BURRELL *et al.*,                                                    PLAINTIFFS

v.

DUHON *et al.*,                                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on four motions. [R. 9, 12, 17, 21.] First, Defendants

Lindy Duhon, Lindy Duhon Trucking, LLC, Forward Air, Inc., Forward Air Corporation, FAF,

Inc. (TN), Forward Air Services, LLC, Forward Air Solutions, Inc., Forward Air Technology and

Logistics Services, Element Financial Corp., and Element Fleet Management Corp. (hereinafter

"Forward Air Defendants") filed a Motion to Dismiss for Failure to State a Claim pursuant to

Federal Rule of Civil Procedure 12(b)(6). [R. 9.] Plaintiffs J.B. Burrell, Jr. and Marie Burrell

(hereinafter "Plaintiffs") responded, [R. 19], and Forward Air Defendants replied, [R. 24].

Second, Defendant ECN Financial, LLC (hereinafter "ECN") filed a Motion to Dismiss for lack

of personal jurisdiction pursuant to Rule 12(b)(2) and for failure to state a claim pursuant to Rule

12(b)(6). [R. 12.] Plaintiffs responded, [R. 20], and ECN replied, [R. 26]. Third, Defendants

Celadon Group, Inc., Celadon Trucking Services, Inc., and Celadon Logistics Services, Inc.

(hereinafter "Celadon") filed a Motion for Summary Judgment pursuant to Rule 56. [R. 17.]

Plaintiffs responded, [R. 25], and Celadon replied, [R. 28]. Finally, Defendants Element

Transportation Asset Trust, Element Transportation, LLC, 19th Capital Group, LLC, and 19th

Capital Group, Inc. (hereinafter "19th Capital Movants") filed a Motion to Dismiss for Failure to

State a Claim pursuant to Rule 12(b)(6). [R. 21.] Plaintiffs responded. [R. 27.] 19th Capital

Movants did not reply, and the deadline to do so has passed. This matter is now ripe for adjudication.

For the reasons stated herein: Forward Air Defendants' Defendants Motion to Dismiss is DENIED; ECN's Motion to Dismiss is DENIED; Celadon's Motion for Summary Judgment is DENIED; and 19th Capital Movants' Motion to Dismiss is DENIED.

## BACKGROUND

The factual allegations, as set out in the Complaint and presumed to be true at the motion to dismiss stage of litigation, are as follows.[1] On September 30, 2017, at approximately 2:00AM, Plaintiff J.B. Burrell was driving a commercial vehicle westbound on Interstate 24 with his wife, Plaintiff Marie Burrell, who was travelling with him as a passenger. [R. 1-4 at 9.] At the time of the incident, Mrs. Burrell was asleep in the sleeper compartment. [*Id.*]

Further ahead on Interstate 24, Defendant Lindy Duhon was also driving a commercial vehicle westbound, specifically a tractor trailer. [*Id.*] At some point, Duhon lost control of the tractor trailer and entered the median separating the westbound from eastbound lanes of the interstate. [*Id.*] Although the details are not exact, the Complaint describes what happened next as follows:

> After entering the unpaved median . . . Duhon's tractor trailer returned to the paved portion of Interstate 24 westbound -- on its side, with its wheels off the ground, and the underside ("belly") of his tractor trailer facing east, with the length of his tractor trailer extending across and blocking both paved lanes and the adjacent shoulders of westbound Interstate 24.

[*Id.*]

---

[1] When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all of the factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008).

The Complaint alleges that it was dark and the highway was unlit, so Mr. Burrell could not see Duhon's tractor trailer blocking the road ahead of him. [*Id.*] Mr. Burrell collided with Duhon's trailer, allegedly resulting in injury to both Mr. and Mrs. Burrell. [*Id.*]

Plaintiffs allege the involvement of the additional defendants, i.e., other than Duhon, as follows:

> At the time and place and upon the occasion set forth above, Duhon was a driver operating a commercial motor vehicle as a statutory employee of one o[r] more of Defendants Nos. 2-15, as defined by 49 CFR §390.5(t); alternately, Duhon was a lessee and/or statutory employer; alternately, Duhon was assigned this cargo by and/or was under dispatch by one or more of Defendants Nos. 2-15; alternately, Duhon was the agent, servant, employee, ostensible agent, joint venturer, and/or independent contractor of one or more of Defendants Nos. 2-15; alternately, Defendants Nos. 2-15 were agents, servants, employees, ostensible agents, joint venturers, and/or independent contractors of each other.

> At the time and place and upon the occasion and under the circumstances set forth above, one or more of Defendants Nos. 2-15 were Duhon's statutory employer; alternately, one or more of Defendants Nos. 2-l5 were the owners and/or had beneficial interests and/or control over the use and operation of the commercial motor vehicle being driven by Duhon; alternately, one or more Defendants Nos. 2-15 were the lessors of the commercial motor vehicle being driven by Duhon; alternately, one or more of Defendants Nos. 2-15 were the motor carriers under whose authority the cargo was being transported by Duhon; alternately, one or more of Defendants Nos. 2-15 assigned and/or dispatched the load/cargo to Duhon for transport.

[*Id.* at 10.] In total, the Complaint contains six counts. They include (1) negligence, (2) negligence per se, (3) strict liability, (4) vicarious liability, (5) negligent hiring, retention, supervision, and training, and (6) gross negligence. [*Id.* at 10-14.]

On August 24, 2018, Plaintiffs filed a complaint in Marshall Circuit Court, and on September 19, 2018 the case was removed to federal court. [R. 1.] Subsequently, the defendants filed the motions that are currently before the Court.

## DISCUSSION

The Court will address each motion in the order by which they were filed.

## I. Forward Air Defendants' 12(b)(6) Motion to Dismiss [R. 9]

### A. Review Under Rule 12

As an initial matter, the Court acknowledges that the Plaintiffs attached multiple exhibits to their response to Forward Air Defendants' Motion to Dismiss. [*See generally* R. 19-1-19-8.] Forward Air Defendants do not object to the inclusion of these documents. [R. 24 at 4.] It is true that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). However, this decision rests within the discretion of the district court, which "remains free to *refuse to accept* materials outside the pleadings." *Max Arnold & Sons, LLC v. W.L. Hailey & Co., Inc.*, 452 F.3d 494, 503 (6th Cir. 2006) (quoting 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. § 1371 (3d ed. 2004)). Furthermore, although the Court must normally disregard matters outside the pleadings in ruling on a motion to dismiss, a document can be properly considered on such a motion when it is "referred to in the complaint and . . . central to the plaintiff's claim." *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999). As the Plaintiffs reference the lease and ownership interests of all defendants in the Complaint, and those interests are central to the alleged employer and agency relationships involved in the claims, the Court can properly consider the lease, financing, and ownership documents attached in exhibits 2, 3, and 4. [*See* R. 1-4 at 10.] However, exhibits 1, 5, 6, 7, and 8 include a police report and various emails that were not referenced in the Complaint. Thus, the Court will disregard exhibits 1, 5, 6, 7, and 8 in order to avoid converting this motion to dismiss into a motion for summary judgment.

### B. The Claims Against Forward Air Defendants in the Complaint

Plaintiffs allege six claims against the defendants in the Complaint: negligence; negligence per se; strict liability; vicarious liability; negligent hiring, retention, supervision, and training; and gross negligence. [R. 1-4 at 10-14.] In their Motion to Dismiss for failure to state a claim, the Forward Air Defendants argue that they had no involvement with the accident at issue and cannot be held liable to Plaintiffs under any legal theory. [R. 9-1 at 3.] In fact, the Forward Air Defendants argue that the only properly listed defendants in this action are Lindy W. Duhon, Lindy Duhon Trucking, LLC, and FAF, Inc. (TN). [*Id*. at 2.]

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss under Rule 12(b)(6), a party must "plead enough 'factual matter' to raise a 'plausible' inference of wrongdoing." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all of the factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc., 552 F.3d at 434 (citing Great Lakes Steel, 716 F.2d at 1105)*. "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). Should the well-pleaded facts support no "more than the mere possibility of misconduct," then dismissal is warranted. *Iqbal*, 556 U.S at 679. The Court may grant a motion to dismiss "only if, after drawing all reasonable inferences from the allegations in the complaint in favor of the plaintiff, the complaint still fails to allege a plausible theory of relief."

*Garceau v. City of Flint*, 572 F. App'x. 369, 371 (6th Cir. 2014) (citing *Iqbal*, 556 U.S. at 677–79).

The Forward Air Defendants make four specific arguments throughout their initial motion and reply, which the Court shall consider in turn. First, the Forward Air Defendants argue that whether "Defendants 2-15" in the Complaint had an ownership interest in the truck at issue "has no factual significance, as Kentucky law does not impose vicarious liability upon the owner of a vehicle that is involved in a collision. *Farmer v. Stidham,* 439 S.W.2d 71, 72 (Ky. 1969)." [R. 9-1 at 8.] However, Forward Air Defendants incorrectly apply the Supreme Court of Kentucky's findings in *Farmer v. Stidham*. In that case, the Supreme Court of Kentucky held: "Mere ownership of an automobile is not enough to impose liability on the owner for an accident brought about by the negligence of one operating the car with the owner's consent, *absent certain exceptional circumstances not presented here. Corbin Fruit Company v. Decker*, 252 Ky. 766, 68 S.W.2d 434; *Wolford v. Scott Nickels Bus Company*, Ky., 257 S.W.2d 594." *Farmer v. Stidham*, 439 S.W.2d 71, 72 (Ky. 1969) (emphasis added). In one of the case cited by the *Farmer* court, *Wolford v. Scott Nickels Bus Company*, the Supreme Court of Kentucky stated: "Liability for damages arising from the operation of a motor vehicle must rest on something more than mere ownership. Where the vehicle is operated by a person other than the owner, the relationship of master and servant or principal and agent is necessary to establish liability on the owner." *Wolford v. Scott Nickels Bus Co.*, 257 S.W.2d 594, 595 (Ky. 1953). Of course, unlike in the facts of *Farmer*, one of the main issues at hand in this case is whether an agent or employee relationship existed between Forward Air Defendants and Plaintiffs. Thus, Forward Air Defendants case citation and resulting argument are distinguishable from this matter.

Second, Forward Air Defendants argue that as they admitted in their Answer to the Complaint that Duhon was a statutory employee of FAF, Inc. (TN), it is now an "uncontested fact" that "beyond any legitimate dispute, . . . F.A.F., Inc. (TN) was Mr. Duhon's statutory employer." [R. 9-1 at 9.] Furthermore, in their Reply, Forward Air Defendants assert that Plaintiffs' Complaint "did not assert that Lindy Duhon was an employee of any particular Defendant" and, therefore, is "insufficient to plausibly confer liability upon 'all' of the defendants." [R. 24 at 4.] The Court finds that Forward Air Defendants stating that FAF, Inc. (TN) was Duhon's sole employer in their Answer hardly makes it an "undisputed fact." Furthermore, determining whether there is a dispute of material fact is the standard for motion summary judgment, not the earlier stage of motion to dismiss. *See* FED. R. CIV. P. 56. As for Forward Air Defendants' argument in their Reply, the Court agrees that the Plaintiffs' allegations are scant. So much so, that the Court recognizes that they tread dangerously close to falling below pleading the factual content required at the motion to dismiss stage. However, in construing the facts in the light most favorable to Plaintiffs and accepting the allegations in the Complaint as true, the Court is hesitant to dismiss Plaintiffs' claim at this juncture. The Court finds that Plaintiffs have pleaded just enough to survive motion to dismiss. Furthermore, the Court expects the issue of Plaintiffs' relationship with specific defendants to become clearer as further evidence surfaces under Magistrate Judge King's recent ruling on Plaintiffs' Motion to Compel, [R. 62 at 18].

Third, Forward Air Defendants specifically argue that Plaintiffs have not stated a claim for negligence. [R. 24 at 3.] The parties agree that Kentucky law governs this action. [*See* R. 9-1 at 6; R. 19 at 10.] Under Kentucky law, "[a] common law negligence claim requires proof of (1) a duty owed by the defendant to the plaintiff, (2) breach of that duty, (3) injury to the plaintiff,

and (4) legal causation between the defendant's breach and the plaintiff's injury." *Wright v. House of Imports, Inc.*, 381 S.W.3d 209, 213 (Ky. 2012) (citing *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88–89 (Ky. 2003)). "The standard of care applicable to a common-law negligence action is that of ordinary care—that is, 'such care as a reasonably prudent person would exercise under the circumstances.'" *Id.* (quoting *Slusher v. Brown*, 323 S.W.2d 870, 872 (Ky. 1959)).

Under Count 1 of the Complaint, regarding Forward Air Defendants, Plaintiffs allege:

26. At the time and place upon the occasion and under the circumstances set forth above, Defendants Nos. 2-15 failed to exercise ordinary care, breached duties, and were otherwise negligent and careless in their ownership, leasing, maintenance, inspection, use, operation, and condition of the commercial motor vehicle furnished to and/or used by Duhon.

27. Defendants Nos. 2-15 failed to exercise ordinary care, breached duties, and/or were otherwise careless and negligent in their failure to promulgate, implement, enforce, monitor, and audit compliance with rules, regulations, policies, and procedures to promote reasonably safe operation, use, maintenance, inspection, and emergency response by drivers/operators of their cargo/loads, utilizing their commercial motor vehicles and the public highways.

[R. 1-4 at 11.]

Here, the Court finds that Plaintiffs have alleged that Forward Air Defendants were negligent in their "ownership, leasing, maintenance, inspection, use, operation, and condition" of the vehicle, as well as in their "failure to promulgate, implement, enforce, monitor, and audit compliance with rules, regulations, policies, and procedures to promote reasonably safe operation, use, maintenance, inspection, and emergency response by drivers/operators." [R. 1-4 at 11.] At the motion to dismiss stage, the Court is required to construe the allegations in the light most favorable to Plaintiffs "and reasonable inferences must be made in favor of the non-moving party." *Total Benefits Planning Agency*, 552 F.3d at 434. True, the allegations are scant, but the Court finds that it can draw the reasonable inference that Defendants were negligent through the factual allegations listed above.

Overall, the Court recognizes that the allegations within Plaintiffs' Complaint are limited in terms of factual detail. However, construing the facts in the light most favorable to Plaintiffs and accepting the allegations in the Complaint as true, the Court finds that  Plaintiffs pleaded just enough 'factual matter' to raise a 'plausible' inference of wrongdoing at this early stage in the proceedings. Thus, Forward Air Defendants' Motion to Dismiss, [R. 9], is DENIED.

## II.     ECN's Motion to Dismiss [R. 12]

In its Motion to Dismiss, ECN argues that Plaintiffs' Complaint should be dismissed both for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The Court will address each argument in turn.

### A.  Motion to Dismiss under Rule 12(b)(2)

Under Rule 12(b)(2), the burden is on the Plaintiffs to show that personal jurisdiction exists as to each defendant. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). "[I]n the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Id.* When "[p]resented with a properly supported 12(b)(2) motion and opposition, the court has three procedural alternatives: it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions." *Id.* (citing *Serras v. First Tennessee Bank Nat. Ass'n.*, 875 F.2d 1212, 1214 (6th Cir.1989)). When an evidentiary hearing has not been held, as in this case, a plaintiff's burden is "relatively slight" and "the plaintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal." *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 548–49 (6th Cir. 2016) (quoting *Air Prods. & Controls, Inc. v.*

*Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007)). "[T]he pleadings and affidavits submitted must be viewed in a light most favorable to the plaintiff, and the district court should not weigh 'the controverting assertions of the party seeking dismissal.'" *Air Prods.*, 503 F.3d at 549 (quoting *Theunissen*, 935 F.2d at 1459).

"A federal court sitting in diversity may exercise personal jurisdiction over an out-of-state defendant only to the extent that a court of the forum state could do so." *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 148 (6th Cir. 1997). Under Kentucky law, the Court first considers Kentucky's long-arm statute to determine whether "the cause of action arises from conduct or activity of the defendant that fits into one of the statute's enumerated categories." *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 57 (Ky. 2011). If the statutory requirements are met, the Court must then apply the constitutional due process test "to determine if exercising personal jurisdiction over the non-resident defendant offends [its] federal due process rights." *Id. Caesars* clarified that "Kentucky's long-arm statute is narrower in scope than the federal due process clause." *Cox v. Koninklijke Philips, N.V.*, 647 F. App'x 625, 628 (6th Cir. 2016) (citing *Caesars*, 336 S.W.3d at 55–57).

### 1. Kentucky Long-Arm Statute

ECN has filed a properly-supported motion to dismiss pursuant to Rule 12(b)(2). In particular, ECN contends that Plaintiffs have failed to establish jurisdiction under both KRS § 454.210(2)(a)(3) and § 454.210(2)(a)(4).The Kentucky long-arm statute provides, in relevant part:

> (2)(a) A court may exercise personal jurisdiction over a person who acts directly or by agent, as to a claim arising from the person's: . . .
>
> > 3. Causing tortious injury by an act or omission in this Commonwealth;

10

4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth, provided that the tortious injury occurring in this Commonwealth arises out of the doing or soliciting of business or a persistent course of conduct or derivation of substantial revenue within the Commonwealth[.]

Ky. Rev. Stat. § 454.210(2)(a)(3)-(4). For purposes of the statute, the term "person" includes nonresident commercial entities. § 454.210(1).

### a. § 454.210(2)(a)(3)

Regarding § 454.210(2)(a)(3), ECN argues that "there are no allegations that ECN committed any act or omission in Kentucky, and none can be fairly alleged." [R. 12-1 at 6.] In support, ECN attached a sworn declaration from Jeffrey Tougas, internal legal counsel to ECN Capital Corp. (the indirect parent company of ECN), stating that ECN does not regularly conduct or solicit business or engage in any conduct or derive substantial revenue from goods in Kentucky, nor does it have an agent in Kentucky. [R. 12-2 at 2.] Furthermore, Tougas avers that ECN "has not undertaken any act with the specific intention of engaging the residents of the Commonwealth of Kentucky." [*Id.*]

In response, Plaintiffs argue that they alleged in the Complaint that "injuries occurred in Marshall County, Kentucky and that the person causing injuries in Kentucky—Lindy Duhon— was an agent of ECN Financial, LLC." [R. 20 at 7.] Specifically, Plaintiffs cite paragraphs 21, 22, and 32 of the Complaint. Paragraphs 21 and 22 of the Complaint consist of the factual recitation of the incident, [R. 1-4 at 9], and Paragraph 32 consists of the vicarious liability claim, which alleges:

At the time and place and upon the occasion and under the circumstances set forth above, the acts, omissions, breaches of duty, negligence, negligence per se, and liability of Defendant No. 1 Duhon is imputed to Defendants Nos. 2-15, who are

vicariously liable therefor based upon their legal relationships with Defendant No. l Duhon of master-servant, principal-agent, ostensible agent, joint venturer, employer- employee, lessor-lessee, and carrier-driver.

[R. 1-4 at 13.] Under KRS § 454.210(2)(a), the principal/employer of a tortfeasor acting as an agent is subject to the jurisdiction of Kentucky for negligently causing injuries occurring in the Commonwealth. KRS § 454.210(2)(a). In support of the allegation that Duhon was an agent of ECN, Plaintiffs cite to the lease agreement between Lindy Duhon and *Element Financial Corp*. and claims: "At the time, ECN Financial LLC was known as Element Financial Corp." [*Id*. at 5.] As evidence backing this assertion, Plaintiffs quote a portion from the "Definitions" section of the lease assignment agreement between Element Transportation LLC, ECN, and 19th Capital Group, LLC. Specifically, it is the definition provided for the term "Origination Trust Agreement":

> "Origination Trust Agreement" means that certain Amended and Restated  Trust Agreement, dated as of May 5, 2014, by and between ECN Financial LLC *(f/k/a Element Financial LLC, f/k/a Element Financial Corp.)*, as Grantor and Initial Beneficiary and the UTI Trustee, as amended, modified or supplemented from time to time.

[R. 19-4 at 1-2 (emphasis added).]

To establish personal jurisdiction under § 454.210(a)(3), Plaintiffs must show that ECN caused a tortious injury by an act in Kentucky and that the cause of action "arises from" that act. *Caesars*, 336 S.W.3d at 57–59. Ultimately, the Court agrees with Plaintiffs. As § 454.210(2)(a) provides jurisdiction for acts conducted "by agent," and Plaintiffs have alleged that Duhon injured Plaintiffs in Kentucky while working as an agent for ECN, the Court finds that Plaintiffs have satisfied § 454.210(2)(a)(3). Furthermore, the various tort claims clearly arise from actions taken by Duhon when he crashed his truck while allegedly acting as an agent or employee on behalf of ECN. *Caesars*, 336 S.W.3d at 59 (whether the required connection for a claim to arise

from a wrongful act exists "will often be self-evident, especially when the claim is based upon tortious injury that occurs in this state").

### b. § 454.210(2)(a)(4)

In addition to § 454.210(2)(a)(3), ECN argues that Plaintiffs have failed to establish jurisdiction under § 454.210(2)(a)(4). [R. 12-1 at 7.] Plaintiffs do not dispute this argument in their Response. [*See generally* R. 20.] Thus, the Court finds that Plaintiffs have not established personal jurisdiction under KRS § 454.210(2)(a)(4).

### 2. Due Process Test

As the statutory requirements have been met under KRS § 454.210(2)(a)(3), the Court must now apply the constitutional due process test. ECN argues that exercise of personal jurisdiction over ECN violates the Due Process Clause. [R. 12-1 at 7.] The Court's exercise of jurisdiction comports with due process when the defendant has sufficient minimal contacts such that "traditional notions of fair play and substantial justice are not offended." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The frequency of contacts is not determinative; the defendant's conduct must be such that he or she "should reasonably anticipate being hauled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

"The minimum contacts requirement may be satisfied by a showing of either general jurisdiction or specific jurisdiction." *Fortis Corporate Ins. v. Viken Ship Mgmt*., 450 F.3d 214, 218 (6th Cir .2006); *Fairbrother v. American Monument Found., LLC*, 340 F. Supp. 2d 1147, 1153 (D. Colo. 2004). General jurisdiction over a nonresident requires a showing of continuous and systematic contacts with the forum state. *Aristech Chemical Intern. Ltd. v. Acrylic Fabricators Ltd.*, 138 F.3d 624 (6th Cir. 1998); *see Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984). In order for a nonresident to be subject to the jurisdiction of

the court under specific jurisdiction, i.e., for specific claims asserted, those claims must arise out of or be related to activities that were significant and purposely directed by the defendant at a resident of the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 (1985). The following criteria have historically been employed to determine if specific personal jurisdiction is appropriate:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Tobin v. Astra Pharmaceutical Products, Inc.*, 993 F.2d 528, 542–43 (6th Cir. 1993) (*quoting Theunissen*, 935 F.2d at 1460). "[E]ach criterion represents an independent requirement, and failure to meet any one of the three means that personal jurisdiction may not be invoked." *LAK, Inc. v. Deer Creek Enterprises*, 885 F.2d 1293, 1303 (6th Cir. 1989).

Although ECN contends that the Court has neither general jurisdiction nor specific jurisdiction, Plaintiffs only dispute whether the Court has specific jurisdiction over ECN. [R. 20 at 8.] Thus, the Court will focus its analysis on whether the exercise of specific jurisdiction over ECN is proper.

Under the first specific jurisdiction prong, ECN asserts that Plaintiffs fail to claim that "ECN conducted business in Kentucky" and that "[t]here are no allegations of any specific intention to engage the residents of Kentucky." [R. 12-1 at 9.] In response, Plaintiffs argue that Duhon acted as an agent of ECN, and "a business entity's contacts with Kentucky through an agent who causes tortious injuries in Kentucky creates sufficient contacts to exercise personal jurisdiction consistent

with the Due Process Clause." [R. 20 at 8 (citing *Beavers v. Riley Built, Inc.*, No. 3:14-CV-539-DJH, 2017 WL 5633258, at *7 (W.D. Ky. Nov. 22, 2017)).][2]

The Court finds the holdings of its sister courts within the Sixth Circuit persuasive in stating that "[f]or purposes of personal jurisdiction, the actions of an agent may be attributed to the principal." *Beavers*, No. 3:14-CV-539-DJH, 2017 WL 5633258, at *7; *AgriSales Dynamix, LLC v. RECON Techs., LLC,* No. 1:11-CV-1293, 2012 WL 13027094, at *3 (W.D. Mich. Nov. 9, 2012); *Stolle Mach. Co., LLC v. RAM Precision Indus.*, No. 3:10-CV-155, 2011 WL 6293323, at *8 (S.D. Ohio Dec. 15, 2011); *see also McFadin v. Gerber*, 587 F.3d 753, 761 (5th Cir. 2009) (acknowledging that "the actions of an agent may establish minimum contacts over a principal"); *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 55 (1st Cir. 2002) ("For purposes of personal jurisdiction, the actions of an agent may be attributed to the principal."). In other words, "a corporation can purposefully avail itself of a forum by directing its agents or distributors to take action there." *Daimler AG v. Bauman*, 571 U.S. 117, 135 n.13 (2014); *see also Int'l Shoe Co.,* 326 U.S. at 318 ("the commission of some single or occasional acts of the corporate agent in a state" may sometimes "be deemed sufficient to render the corporation liable to suit" on related claims). The Court finds that Plaintiffs adequately alleged that Duhon acted as the agent of ECN while driving the truck in Kentucky, and that he created a substantial connection with the state, such that he could have foreseen the consequences of that availment, when his actions led to the incident at issue. These actions may be attributed to the alleged principal, ECN. *See id*. Therefore, the first prong of purposeful availment is satisfied.

Under the second requirement, the Court finds that Plaintiffs' cause of action arises from activities in the Commonwealth. This requirement is subject to a "lenient standard." *Bird v.*

---

[2] The Court acknowledges that it should not weigh 'the controverting assertions of the party seeking dismissal.'" *Air Prods.*, 503 F.3d at 549 (quoting *Theunissen*, 935 F.2d at 1459).

*Parsons*, 289 F.3d 865, 875 (6th Cir. 2002) (finding that "the operative facts are at least marginally related to the alleged contacts" and, therefore, the claims arose from the contacts with the state of Ohio). The claims at issue clearly arose from Duhon's activities in Kentucky, i.e., the truck accident. Thus, the second prong is satisfied.

Finally, "where, as here, the first two criter[ia] are met, 'an inference of reasonableness arises' and 'only the unusual case will not meet [the substantial connection] criteri[on].' " *Air Prods.*, 503 F.3d at 554 (quoting *Theunissen*, 935 F.2d at 1461). The Court has considered the burden on ECN, the interests of Kentucky, and Plaintiffs' interest in obtaining relief, and the Court concludes that a balancing of the factors favor the exercise of personal jurisdiction over ECN in this case, but only slightly. *See id.* ECN has not provided any specific reason why the exercise of personal jurisdiction would be overburdensome for ECN. However, to be frank, it does not appear that Plaintiffs' interest in obtaining relief would necessarily be thwarted if the lawsuit was brought elsewhere. In the end, considering the "lenient" standard for determining personal jurisdiction, *Air Prods.,* 503 F.3d at 553, the Court finds that it is reasonable to exercise personal jurisdiction over ECN in this matter.

In sum, the Court finds that Plaintiffs have met their "relatively slight" burden, and ECN's Motion to Dismiss pursuant to Rule 12(b)(2) is DENIED.

### B. Motion to Dismiss under Rule 12(b)(6)

In the alternative, ECN broadly argues that Plaintiffs fail to provide specific facts that would plausibly make ECN liable for the torts at hand. [R. 12-1 at 10-11.] In response, Plaintiffs argue that the Complaint clearly alleges an "employment relationship, an agency relationship, and other legal relationships giving rise to vicarious liability." [R. 20 at 4.] In its Reply, ECN asserts that Plaintiffs' agency theory "mistakenly conflates ECN with Element Financial Corp.,

the latter being the entity that entered into a truck lease with Defendant Lindy Duhon and subsequently transferred the lease to Element Transportation LLC [Defendant 17], an entity wholly unrelated to ECN, more than one year before the accident alleged in the Complaint." [R. 26 at 1.] Furthermore, ECN argues that in the previously mentioned lease assignment agreement of December 30, 2016, "Element Transportation LLC, then the owner of the Duhon lease, assigned the lease for an instant to ECN Financial LLC as interim assignee 'solely for the purpose of assigning and allocating' the lease to 19th Capital Group, LLC [Defendant 18], which occurred instantaneously." [R. 26 at 5.] According to ECN, this "instantaneous transaction" was insufficient in order to crate an agency relationship. [*Id*. at 7.]

The Court has some concerns as to whether Plaintiffs' allegations are sufficient to state a claim against ECN. However, in construing the facts in the light most favorable to Plaintiffs and accepting the allegations in the Complaint as true, the Court is hesitant to dismiss Plaintiffs' claim at this juncture; rather, despite considerable pause, the Court feels that additional discovery is warranted to flesh out the merits of their allegations. Here, Plaintiffs alleged that an agency relationship existed between ECN and Duhon. [R. 1-4 at 10.] In their Response, Plaintiffs further argue that ECN, acting at that time as ECN Financial LLC, executed a written agreement with Duhon in 2015 creating an agency relationship. [R. 20 at 4-5.] In support, Plaintiffs cite to the 2016 Assignment Agreement, which stated that ECN was formally known as Element Financial Corp. [*Id*. n.8.] ECN retorts that this is incorrect, and provides its own evidence to the contrary, as mentioned above. Clearly, the parties dispute the nature of the relationship between ECN and Duhon. However, the Court finds that it would be inappropriate to weigh the competing evidence provided at this early stage in litigation. Accordingly, ECN's Motion to Dismiss pursuant to Rule 12(b)(6) is DENIED.

### III.    Celadon Motion for Summary Judgment [R. 17]

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine dispute of material fact exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  The Court "may not make credibility determinations nor weigh the evidence when determining whether an issue of fact remains for trial."  *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001); *Ahlers v. Schebil*, 188 F.3d 365, 369 (6th Cir. 1999)).  "The ultimate question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"  *Back v. Nestlé USA, Inc.*, 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 251–52).

As the party moving for summary judgment, the defendant must shoulder the burden of showing the absence of a genuine dispute of material fact as to at least one essential element of the plaintiff's claims.  Fed. R. Civ. P. 56(c); *see also Laster*, 746 F.3d at 726 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).  Assuming the defendant satisfies his or her burden of production, the plaintiff "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial."  *Laster*, 746 F.3d at 726 (citing *Celotex Corp.*, 477 U.S. at 324).

Celadon moves for summary judgment on three grounds: (1) Celadon's alleged ownership of the truck involved in the accident at issue is not enough to impose liability for the negligence of the driver; (2) even if ownership did impose liability on Celadon, Celadon was not

the owner of the truck at issue at the time of the accident; and (3) Celadon did not rent, lend, or otherwise entrust the vehicle to Duhon, nor was Duhon an employee or agent of Celadon. [R. 17 at 5-6.]

In its Motion for Summary Judgment, Celadon asserts that the only connection it has to the accident is that it is alleged to be the owner of the truck driven by Duhon. [R. 17 at 5.] However, Celadon argues that it cannot be liable as the owner of the truck because it is "well settled in Kentucky that mere ownership of an automobile is not enough to impose liability on the owner for an accident if brought about by the negligence of another, even when the other person was operating the automobile with the owner's consent." [*Id.* (citing *Farmer v. Stidham*, 439 S.W.2d 71, 72 (Ky. 1969)).]

In response, Plaintiffs contend that there is a valid basis for liability based on ownership both under a claim of negligent entrustment and under the FMCSR's. [R. 25 at 5.] Regarding a claim of negligent entrustment, the Court notes that the Complaint does not contain a claim of negligent entrustment. [*See generally* R. 1-4.] Thus, Plaintiffs' argument is irrelevant. As for a claim pursuant to the FMCSR's, Plaintiffs "reiterate, adopt, and incorporate herein their argument submitted in their Joint Response and Objection to Forward Air's Motion to Dismiss, DN 19, Section V, entitled 'FAF, Inc.'s Admission of Its Status/Role does not Exculpate Other Defendants Who Violated Statutes and Regulations, Breached Common Law Duties, and Were Vicariously and Directly Liable for the Acts of Agents,' found at Pages 9-12 of our Response.'" [R. 25 at 5-6.] In that Response, Plaintiffs argue that multiple defendants are liable as Duhon's statutory employers under the definition of employer provided in C.F.R. § 390.5T, which states that "employer" is defined as "any person engaged in a business affecting interstate commerce who *owns* or leases a commercial motor vehicle in connection with that business, or assigns

employees to operate it." 49 C.F.R. § 390.5T (emphasis added). Celadon provides no rebut to this argument that it is possibly deemed an employer under the FMCSR's as the alleged owner of the truck.[3] Thus, at this time in the proceedings, the Court will allow Plaintiffs claim to continue.

Besides these issues regarding the ownership of the truck, Celadon also argues that summary judgment should be granted regarding Counts 4[4] and 5[5] of the Complaint because "Celadon did not rent, lend or otherwise entrust its vehicle to Lindy Duhon" and "Duhon was not an employee or agent of Celadon." [R. 17 at 6.]

The Court notes that at the time of the motion and their briefing, Plaintiffs had not received answers to its interrogatories and the Court had not yet set a schedule for discovery. Plaintiffs explained in their Response that discovery was required in order to determine "what happened to the ownership of Duhon's commercial vehicle during the intervening two-plus years," as well as to determine "[t]he extent of interactions between the Celadon Defendants and other Defendants having a connection with the Duhon commercial vehicle." [R. 25 at 4, 7.][6]

"Although Rule 56(b) allows a party to file for summary judgment 'at any time,' FED. R CIV. P. 56(b), '[t]he general rule is that summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery.'" *Booker v. Cheadle Law*, No. 3:17-CV-01394, 2018 WL 3589114, at *1 (M.D. Tenn. May 25, 2018) (collecting cases). Furthermore, the Sixth

---

[3] Celadon also argues that it was not the owner of the truck at the time of accident. [R. 17 at 6.] Celadon acknowledges that there was a notation on the accident report stating Celadon owned the truck at issue. [*Id.*] However, Celadon provides an affidavit from Kenneth Carpenter, Group Risk Manager for Celadon, which identifies a State of Indiana Certificate of Title that shows the title to the truck was in the name of Element Transport Asset. as of July 28, 2015. [*Id.*] It is unclear to the Court how this proves that it was not owned by Celadon two years later when the accident occurred. Furthermore, it would be inappropriate for the Court to weigh evidence at this point in the proceedings.

[4] "Count IV: Vicarious Liability" [R. 1-4 at 13.]

[5] Count V: Negligent Hiring, Retention, Supervision, and Training" [R. 1-4 at 13.]

[6] As Plaintiffs have clearly explained their need for discovery contemporaneously with the motion for summary judgment, a Rule 56(d) affidavit is not required. *Moore v. Shelby Cty., Kentucky*, 718 F. App'x 315, 320 (6th Cir. 2017).

Circuit has stated that cases in which summary judgment is granted before discovery are "extraordinary and not the norm." *Moore v. Shelby Cty., Kentucky*, 718 F. App'x 315, 320 (6th Cir. 2017). This is because "[a] summary judgment determination requires an inquiry into 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law,' " and "[c]ommon sense dictates that before a district court tests a party's evidence, the party should have the opportunity to develop and discover the evidence." *Id.*

Guided by this precedent, and "common sense," the Court finds that Celadon's Motion for Summary Judgment is premature. In order for the Court to fairly decide this motion on its merits, Plaintiffs should be afforded an opportunity to obtain some discovery on issues involving ownership of the truck at the time of accident and Celadon's affiliations with the other defendants and Duhon. Accordingly, Celadon's Motion for Summary Judgment is DENIED.

### IV.     19th Capital/Element Transportation Movants' Motion to Dismiss [R. 21]

Defendants Element Transportation Asset Trust, Element Transportation, LLC, 19th Capital Group, LLC, and 19th Capital Group, Inc. ("19th Capital Movants") move to dismiss certain improperly named parties for failure to state a claim. [R. 21 at 1.] Instead of presenting a separate argument in support of their motion, 19th Capital Movants adopt the arguments offered in Forward Air Defendants' Motion to Dismiss, [R. 9-1], ECN's Motion to Dismiss, [R. 12-1], and Celadon's Motion for Summary Judgment, [R. 17]. In response, Plaintiffs adopt the arguments and filings made in response to the defendants' corresponding motions, [R. 19, 20, 25].

As both parties adopt their arguments in the previous Motion to Dismiss for Failure to State a Claim, [R. 9, 19, 24], the Court will adopt its analysis and finding from above. Thus, 19th Capital Movants Motion to Dismiss, [R. 21], is DENIED.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED**:

1) Forward Air Defendants' Motion to Dismiss, [R. 9], is **DENIED;**

2) ECN's Motion to Dismiss, [R. 12], is **DENIED**;

3) Celadon's Motion for Summary Judgment, [R. 17], is **DENIED; and**

4) 19th Capital Movants' Motion to Dismiss, [R. 21], is **DENIED**.

**IT IS SO ORDERED.**

**Thomas B. Russell, Senior Judge**
**United States District Court**

June 14, 2019

cc: Counsel of Record