UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:18-CV-141-TBR-LLK

BURRELL *et al.*,                                                                                         PLAINTIFFS

v.

DUHON *et al.*,                                                                                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants Lindy W. Duhon, Lindy Duhon Trucking, LLC, Forward Air, Inc., Forward Air Corporation, FAF, Inc. (TN), Forward Air Services LLC, Forward Air Solutions, Inc., Forward Air Technology and Logistics Services, Element Financial Corp., and Element Fleet Management Corp. (hereinafter "Forward Air Defendants") and Element Transportation Asset Trust, Element Transportation, LLC, 19th Capital Group, LLC, and 19th Capital Group, Inc.'s (hereinafter "19th Capital Movants") Supplemental Motion to Dismiss Certain Improperly Named Parties for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6). [R. 52.] Intervening Plaintiffs Cherokee Insurance Company and Jack Hicks Company of Elk Park Inc. (hereinafter "Intervening Plaintiffs") responded. [R. 55.] Forward Air Defendants and 19th Capital Movants did not reply, and the deadline to do so has passed. This matter is now ripe for adjudication.

For the reasons stated herein: Defendants' Supplemental Motion to Dismiss is DENIED.

## BACKGROUND

At approximately 2:00AM on September 30, 2017, Plaintiff J.B. Burrell Jr. was driving a commercial vehicle westbound on Interstate 24 while his wife, Plaintiff Marie Burrell, slept in the vehicle's sleeper compartment. [R. 1-4 at 9.] Further ahead on Interstate 24, Defendant Lindy

1

Duhon was driving a tractor trailer. [*Id.*] At some point, Mr. Duhon lost control of the tractor trailer, causing the vehicle to enter the unpaved median and fall on its side. [*Id.*] The tractor trailer landed with its wheels off the ground and the underside of the vehicle blocking both lanes of westbound Interstate 24. [*Id.*] Given that it was dark, and the highway was unlit, Mr. Burrell could not see the tractor trailer blocking the road. [*Id.*] Mr. Burrell's vehicle collided with Mr. Duhon's trailer, resulting in injuries to Mr. and Mrs. Burrell. [*Id.*]

In addition to Mr. Duhon, Plaintiffs allege the involvement of fourteen other defendants on the basis that each entity had a legal relationship with Mr. Duhon at the time of the collision. [*Id.* at 10.] The Complaint contains six counts, including (1) negligence, (2) negligence per se, (3) strict liability, (4) vicarious liability, (5) negligent hiring, retention, supervision, and training, and (6) gross negligence. [*Id.* at 10-14.]

The Complaint was filed in Marshall Circuit Court on August 24, 2018, and the case was removed to federal court on September 19, 2018. [R. 1.] Subsequently, Forward Air Defendants filed a Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6). [R. 9.] Additionally, Defendant ECN Financial, LLC filed a Motion to Dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) and for failure to state a claim pursuant to Rule 12(b)(6), [R. 12]; Defendants Celadon Group, Inc., Celadon Trucking Services, Inc., and Celadon Logistics Services, Inc. filed a Motion for Summary Judgment pursuant to Rule 56, [R. 17]; and 19th Capital Movants filed a Motion to Dismiss for Failure to State a Claim pursuant to Rule 12(b)(6). [R. 21.] Plaintiffs responded to each motion [R. 19, 20, 25, 27], and Defendants replied [R. 24, 26, 28]. Upon careful review, the Court denied all four motions. [R. 67.]

After Defendants filed their initial motions to dismiss, Cherokee Insurance Company and Jack Hicks Company of Elk Park Inc. (hereinafter "Jack Hicks Company") filed a Motion for

Leave to Intervene as subrogates of Plaintiffs Mr. and Mrs. Burrell. [R. 29.] Defendants did not respond, and the Court granted the motion. [R. 43.] Intervening Plaintiffs filed an Intervening Complaint in which they incorporated the Amended Complaint. [R. 44.] Additionally, the Intervening Complaint alleges that Mr. and Mrs. Burrell were employees of Jack Hicks Company and were working in the course and scope of their employment at the time of the collision. [*Id.*] Cherokee Insurance Company provides workers' compensation insurance to Jack Hicks Company. [*Id.*] Since the collision, Cherokee Insurance Company has paid approximately $290,067.31 in workers' compensation benefits to or on behalf of Mr. Burrell and approximately $151,738.00 in benefits to or on behalf of Mrs. Burrell. [*Id.*] Intervening Plaintiffs claim they are entitled to recover from Defendants all sums paid or payable to or on behalf of Mr. and Mrs. Burrell. [*Id.*]

Forward Air Defendants and 19th Capital Movants then filed a Supplemental Motion to Dismiss the Intervening Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), [R. 52], and Intervening Plaintiffs responded [R. 55].

## DISCUSSION

Plaintiffs and Intervening Plaintiffs allege six claims against Defendants: negligence; negligence per se; strict liability; vicarious liability; negligent hiring, retention, supervision, and training; and gross negligence. [R. 1-4 at 10-14.] Pursuant to Federal Rule of Civil Procedure 8(a)(1), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss under Rule 12(b)(6), a party must "plead enough 'factual matter' to raise a 'plausible' inference of wrongdoing." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

3

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all of the factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). Should the well-pleaded facts support no "more than the mere possibility of misconduct," then dismissal is warranted. *Iqbal*, 556 U.S at 679. The Court may grant a motion to dismiss "only if, after drawing all reasonable inferences from the allegations in the complaint in favor of the plaintiff, the complaint still fails to allege a plausible theory of relief." *Garceau v. City of Flint*, 572 F. App'x. 369, 371 (6th Cir. 2014) (citing *Iqbal*, 556 U.S. at 677–79).

In their Supplemental Motion to Dismiss, Forward Air Defendants and 19th Capital Movants argue that the Intervening Complaint should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). [R. 52.] Rather than presenting a separate argument in support of this motion, the Defendants adopted the arguments offered in Forward Air Defendants' Motion to Dismiss, [R. 9], and 19th Capital Movants' Motion to Dismiss [R. 21]. Similarly, the Intervening Plaintiffs responded to the Supplemental Motion to Dismiss by adopting the Plaintiffs' prior responses to the Defendants' corresponding motions. [R. 55; *see* R. 19, 27.] There have been no additional arguments presented by either party regarding the Supplemental Motion to Dismiss. Since the Court fully reviewed Forward Air Defendants and 19th Capital Movants' Motions to Dismiss and the Plaintiffs' related responses in its Memorandum Opinion

and Order, [R. 67], the Court will adopt its prior analysis and apply its findings to the current motion. Thus, the Supplemental Motion to Dismiss, [R. 52], is DENIED.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED:** Forward Air Defendants and 19th Capital Movants' Supplemental Motion to Dismiss [R. 52], is **DENIED.**

**Thomas B. Russell, Senior Judge**
**United States District Court**

September 11, 2019

CC: attorneys of record