# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CIVIL ACTION NO. 5:18-CV-00141-TBR-LLK

BURRELL *et al.*,                                                        PLAINTIFFS

v.

DUHON *et al.*,                                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants Lindy W. Duhon, Lindy Duhon Trucking, LLC, Forward Air, Inc., Forward Air Corporation, FAF, Inc. (TN), Forward Air Services LLC, Forward Air Solutions, Inc., Forward Air Technology and Logistics Services, Element Financial Corp., Element Fleet Management Corp., Element Transportation Asset Trust, Element Transportation, LLC, 19th Capital Group, LLC, and 19th Capital Group, Inc.'s Objection to Magistrate Judge's Opinion and Order Compelling Discovery. [DN 66]. Plaintiffs responded, [DN 102], and this matter is ripe for adjudication. For the reasons stated herein: Defendants' Objection to Magistrate Judge's Opinion and Order Compelling Discovery is SUSTAINED IN PART and OVERRULED IN PART.

## BACKGROUND

At approximately 2:00AM on September 30, 2017, Plaintiff J.B. Burrell Jr. was driving a commercial vehicle westbound on Interstate 24 while his wife, Plaintiff Marie Burrell, slept in the vehicle's sleeper compartment. [DN 1-4 at 9]. Further ahead on Interstate 24, Defendant Lindy Duhon was driving a tractor trailer. *Id.* At some point, Mr. Duhon lost control of the tractor trailer,

causing the vehicle to enter the unpaved median and fall on its side. *Id.* The tractor trailer landed with its wheels off the ground and the underside of the vehicle blocking both lanes of westbound Interstate 24. *Id.* Mr. Burrell's vehicle collided with Mr. Duhon's trailer, resulting in injuries to Mr. and Mrs. Burrell. *Id.*

In addition to Mr. Duhon, Plaintiffs allege the involvement of fourteen other defendants on the basis that each entity had a legal relationship with Mr. Duhon at the time of the collision. *Id.* at 10. The Complaint contains six counts, including (1) negligence, (2) negligence per se, (3) strict liability, (4) vicarious liability, (5) negligent hiring, retention, supervision, and training, and (6) gross negligence. *Id.* at 10–14.

The Complaint was filed in Marshall Circuit Court on August 24, 2018, and the case was removed to federal court on September 19, 2018. [DN 1]. Subsequently, the Court referred all discovery-related disputes to Magistrate Judge King. [DN 23]. Plaintiffs then filed a Motion to Compel certain discovery from Defendants. [DN 33]. Defendants responded, [DN 34], and Plaintiffs replied, [DN 35]. Magistrate Judge King issued an Opinion and Order granting in part and denying in part Plaintiffs' Motion to Compel. [DN 62]. Defendants then filed the Objection to the Magistrate Judge's Opinion and Order currently before the Court. [DN 66].

## LEGAL STANDARD

When a party timely assigns error to a magistrate judge's nondispositive order, this Court "has authority to 'reconsider' the determination, but under a limited standard of review." *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) (citing 28 U.S.C. § 636(b)(1)(A)). Under that standard, a magistrate judge's determination must be affirmed unless the objecting party

demonstrates that the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) (implementing statutory directive). "The 'clearly erroneous' standard applies only to factual findings made by the Magistrate Judge, while [his] legal conclusions will be reviewed under the more lenient 'contrary to law' standard." *EEOC v. Burlington N. & Santa Fe Ry. Co.*, 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009) (alteration in original) (quoting *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd per curiam*, 19 F.3d 1432 (6th Cir. 1994) (unpublished table disposition)) (internal quotation marks omitted). A factual finding is clearly erroneous where the Court is left "with the definite and firm conviction that a mistake has been committed." *Max Trucking, LLC v. Liberty Mut. Ins. Corp.*, 802 F.3d 793, 808 (6th Cir. 2015) (citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). A legal conclusion is contrary to law if it contradicts or ignores applicable precepts of law. *Sedgwick Ins. v. F.A.B.E. Custom Downstream Sys., Inc.*, 47 F. Supp. 3d 536, 538 (E.D. Mich. 2014).

**ANALYSIS**

Defendants object to the Magistrate Judge's Opinion and Order regarding Interrogatories 5, 8, 9, 13, 16, 20, and 21. [DN 66]. The Court addresses the merits of those objections below.

**I.  Interrogatory No. 5**

First, Defendants argue that the Magistrate Judge erred when he ordered Defendants to identify, "the sources(s), amount(s), manner(s), and extent(s) of all compensation and payments to Defendants Lindy W. Duhon, [and] Lindy Duhon Trucking, LLC." [DN 66 at 804]. Defendants claim that the Magistrate Judge's purpose in compelling the production of this information was that it was relevant to whether Defendants are vicariously liable for Duhon's actions at the time of

3

the collision. *Id.* at 805. However, Defendants argue that they conceded the relationship necessary to prove vicarious liability in their Answer when they stated that Duhon was a statutory employee of Defendant FAF, Inc. (TN) at the time of the accident. *Id.*; [DN 1-3 at 27]. Thus, Defendants claim that payments made to Duhon and Lindy Duhon Trucking, LLC are irrelevant and it "is contrary to law to compel production of a defendant's sensitive financial information to 'prove' an uncontested issue." [DN 66 at 806].

Federal Rule of Civil Procedure 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see also* Fed. R. Civ. P. 26(b) Advisory Committee's Note to 2015 Amendment. Relevance is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The proponent of a motion to compel discovery bears the initial burden of demonstrating relevance. *See Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010); *Anderson v. Dillard's, Inc.*, 251 F.R.D. 307, 309–10 (W.D. Tenn. 2008). Considering the spirit and purpose of the Civil Rules, however, that threshold is relatively low. *See John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. 2014); *Wrangen v. Pa. Lumbermans Mut. Ins. Co.*, 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008). The Court has considerable discretion when handling discovery matters, such as deciding if information might be relevant. *See S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008); *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981); *see also Heathman v. U.S. Dist. Court for Cent. Dist. of Cal.*, 503 F.2d 1032, 1035 (9th Cir. 1974) ("'Relevance' on

discovery has a very broad meaning, and the question is for the district court." (citing Fed. R. Civ. P. 26(b)(1)) (citation omitted)).

Plaintiffs satisfied their burden of demonstrating the relevance of payments or compensation Defendants made to Duhon or Lindy Duhon Trucking, LLC. As noted by the Magistrate Judge, this information is relevant to Plaintiffs' claim that Defendants are vicariously liable for Duhon's actions at the time of the collision. The fact that Defendants conceded in their Answer that Duhon was a statutory employee of FAF, Inc. (TN) at the time of the accident does not make vicarious liability an uncontested issue in this case. Rather, Plaintiffs have indicated their intent to prove that multiple Defendants are simultaneously or jointly and severally liable for Duhon's actions under a theory of vicarious liability. [*See* DN 33 at 454–55]. Therefore, any information regarding Defendants' compensation or payments to Duhon or Lindy Duhon Trucking, LLC are clearly relevant to Plaintiffs' claims. Accordingly, the Magistrate Judge's finding on this issue is not contrary to law.

## II.     Interrogatory No. 8

Second, Defendants claim that the Magistrate Judge erred by ordering Defendants to identify violations of the following Federal Motor Carrier Safety Regulations ("FMCSR") assessed against them from 2012 to 2018: 49 CFR § 3923; 49 CFR § 391.11 or § 391.15; and 49 CFR § 385.3 and § 385.11. [DN 66 at 806–07]. Defendants argue that this information is irrelevant and not proportional to the needs of the case given that it would take Defendants "hundreds of man-hours" to go through seven years of records to identify the FMCSR violations at issue when the same information is equally available to Plaintiffs on the Federal Motor Carrier Safety Administration ("FMCSA") website. *Id.* at 807.

In response to Defendants' objection, Plaintiffs request the Court expand the Magistrate Judge's order concerning Interrogatory Number 8 to include Defendants' violations of chapter 395 of the FMCSR from 2012 to 2018. [DN 102 at 1185]. After the Magistrate Judge's decision, Forward Air's Senior Vice President of Service Operations testified that the company's primary means of preventing driver fatigue is by enforcing the hours of service requirements set forth in 49 CFR § 395. *Id.* at 1186. Thus, Plaintiffs argue Defendants' chapter 395 violations are relevant to their theory that fatigued drivers were routinely dispatched by Forward Air. *Id.*

As discussed above, Federal Rule of Civil Procedure 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see also* Fed. R. Civ. P. 26(b) Advisory Committee's Note to 2015 Amendment. Relevance is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). In order to determine whether the requested information is proportional to the needs of the case, the Court may consider the following factors: "(1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b) Advisory Committee's Note to 2015 Amendment; *see also Boodram v. Coomes*, No. 1:12CV-00057-JHM, 2016 WL 11333789, at *3 (W.D. Ky. Jan. 28, 2016).

Defendants' FMCSR violations are relevant to Plaintiffs' claims. 49 CFR § 3923 governs violations for operating a commercial motor vehicle while ill, fatigued, or impaired by illness or

6

other cause; 49 CFR § 391.11 and § 391.15 govern drivers who are not physically qualified, driving a commercial motor vehicle while disqualified, or suspended for safety or non-safety related reasons; and 49 CFR § 385.3 and § 385.11 are related to Defendants' final safety ratings. Any violations of these regulations are relevant to Plaintiffs' claims regarding Defendants' knowledge of the safety risks associated with their employment practices and the fitness of Defendants' employees.

Additionally, discovery of Defendants' FMCSR violations is proportional to the needs of the case. Defendants argue that the burden of the proposed discovery outweighs its likely benefits because it will require "Defendants to assign multiple employees to manually review and summarize information contained in several thousands of documents stored in several thousands of boxes, and to record each and every violation of the five specified statutes committed by their 16,000 drivers for a seven-year period." [DN 66 at 808]. However, in the same breath, Defendants note that "most of the same information is equally available to Plaintiffs on the FMCSA website." *Id.* Based on Defendants' own objection, it appears that many of their concerns regarding the burden of producing the FMCSR violations can be alleviated by sourcing the information from the FMCSA website as opposed to their physical records. Thus, given the potential benefits of this information to Plaintiffs' claims regarding Defendants' knowledge of the safety risks associated with their employment practices and the fitness of Defendants' employees, the burden of the proposed discovery does not outweigh its likely benefits. Accordingly, discovery of Defendants' FMCSR violations is proportional to the needs of the case and the Magistrate Judge's finding on this issue is not contrary to law. Moreover, for the reasons stated above, the Court finds it is

appropriate to grant Plaintiffs' request to expand the scope of Interrogatory Number 8 to include violations of chapter 395 of the FMCSR assessed against Defendants from 2012 to 2018.

### III. Interrogatory No. 9

Third, Defendants assert that the Magistrate Judge erred by ordering Defendants to disclose information regarding personal injury and property damage lawsuits involving collisions of Forward Air commercial vehicles from 2000 to present. [DN 66 at 811]. Defendants claim that because the Magistrate Judge relied on cases that pre-dated the 2015 revisions of the Federal Rule of Civil Procedure 26(b)(1), his order on this issue is "contrary to the current applicable law." *Id.* at 812. Specifically, Defendants argue that the requested information is irrelevant because their prior lawsuits have "nothing to do with this occasion and the circumstances of Plaintiffs' accident and none of the information would be admissible in the trial in this action." *Id.* Further, Defendants argue that discovery of this information is not proportional to the needs of the case because their records regarding lawsuits filed before 2014 are only stored in physical files, thus requiring Defendants to spend "hundreds of man hours" obtaining the information. *Id.* at 811. Alternatively, Defendants agree to make all records regarding prior lawsuits available for Plaintiffs' counsel's inspection pursuant to Rule 33(d). *Id.* at 813.

As previously discussed, Federal Rule of Civil Procedure 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). As noted by the Magistrate Judge, federal courts have found that a party's prior lawsuits regarding similar incidents may not be admissible as evidence at trial, but are nevertheless relevant and discoverable. *See Cornelius v. Consol. Rail Corp.*, 169 F.R.D. 250, 251–52 (N.D. N.Y. 1996); *See also Nagel v. First of Mich.*

*Corp.*, 784 F.Supp. 429 (W.D. Mich. 1991) (finding defendant's prior lawsuits were relevant and discoverable); *Cox v. McClellan*, 174 F.R.D. 32, 34–35 (W.D. N.Y. June 11, 1997) (finding that prior complaints made against the defendants and incidents of excessive force by individual defendants are clearly discoverable in Section 1983 actions); *Douty v. Rubenstein*, 2015 WL 1541720 at *1, *8 (S.D. W. Va. Apr. 7, 2015) (finding that requests for disclosure of lawsuits with similar underlying facts against defendants was relevant and not overly broad). Although some of these cases were decided before the 2015 revision to Rule 26, their holdings remain instructive to the current case. The Court will simply evaluate the proportionality of the discovery request in light of the six factors restored to Rule 26 by the 2015 revision: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b) Advisory Committee's Note to 2015 Amendment.

      Plaintiffs have met their burden of establishing the relevance of personal injury and property damage lawsuits involving collisions of Defendants' commercial vehicles to the current action. Defendants' prior lawsuits may be relevant to Plaintiffs' punitive damages claim, specifically whether Defendants have engaged in systematic negligence amounting to willful or wanton misconduct, as well as potential collateral estoppel, issue preclusion, or res judicata issues. Additionally, discovery of this information is proportional to the needs of the case because the burden of production on Defendants, namely, reviewing physical copies of legal records, does not outweigh its likely benefit. Thus, the Magistrate Judge's ruling on Interrogatory Number 9 is not contrary to law.

## IV. Interrogatory No. 13

Fourth, Defendants object to the Magistrate Judge's order regarding Interrogatory Number 13 in which Plaintiffs sought the names of persons and entities who loaded, unloaded, and secured the cargo on Duhon's vehicle on the date of the accident. [DN 66 at 813]. In response to this interrogatory, Defendants stated that they had provided all responsive information in their possession. *Id.* However, the Magistrate Judge found: "Plaintiffs are entitled to a supplemental sworn statement from the Defendants affirming the lack of possession or nonexistence of these documents. Defendants must supplement their responses with a statement that they do not have any further responsive documents to this inquiry." *Id.* (quoting DN 62 at 769). Defendants object to the Magistrate Judge's use of the word "entitlement" as "contrary to law and redundant." *Id.* at 814. In support of their argument, Defendants claim they complied with Rule 11's requirements when responding to Interrogatory Number 13 and no other provision within the Civil Rules requires an additional certification. *Id.* Therefore, Defendants argue, the Magistrate Judge exceeded the Court's jurisdiction by ordering Defendants to provide an additional certification, "especially in the absence of any question that Defendants fully complied with Rule 11." *Id.*

Defendants cite no legal authority in support of their contention that the Magistrate Judge lacks authority to order Defendants to produce a supplemental sworn statement in response to Interrogatory Number 13. However, their claim is without merit pursuant to 28 U.S.C. § 636(b)(1)(A), which provides that "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court," with the exception of eight types of motions, such as motions for summary judgment and injunctive relief. 28 U.S.C. § 636(b)(1)(A). Courts regularly refer pretrial discovery matters to magistrate judges pursuant to this statute. Thus, under

28 U.S.C. § 636(b)(1)(A), the Magistrate Judge has the authority to *hear and determine* the discovery dispute currently before the Court, which implicitly includes the power to order Defendants to submit supplemental materials in response to interrogatories. Accordingly, the Court finds that the Magistrate Judge's order that Defendants supply supplemental sworn statements is not contrary to law.

## V.        Interrogatory No. 16

Fifth, Defendants argue the Magistrate Judge erred in ordering Defendants to identify "all individuals employed by [Defendants] during the past five years with any responsibility for compliance with the FMCSA, including their current title and location, as well as all individuals who were previously employed in that capacity but are not longer so employed." [DN 66 at 814]. Defendants claim that as currently worded, the order would require them to produce information on all of their 20,000 past and present employees because all employees are in some manner responsible for compliance with the FMCSA. *Id.* at 815. Defendants claim this information is not relevant to the current matter nor proportional to the needs of the case. *Id.* However, Defendants agree to produce a list of all safety managers they have employed in the past five years. *Id.*

The Court agrees that the plain language of Interrogatory Number 16 would require the production of 20,000 employees' identities, job titles, and locations. This information is irrelevant and disproportional to the needs of this case. The vast majority of these employees will have no information relevant to Plaintiffs' claims and even if they did, it is highly improbable that Plaintiffs would be able to contact such a large number of people during the course of this litigation. A list of all safety managers employed by Defendants in the past five years is relevant to Plaintiffs'

claims regarding Defendants' compliance with safety procedures and is proportional to the needs of this case. Thus, Defendants' objection to Interrogatory Number 16 is sustained.

## VI.   Interrogatory No. 20

Sixth, Defendants claim the Magistrate Judge erred by ordering production of a listing and description of the affiliations between the Defendants. [DN 66 at 816]. Defendants claim that the Magistrate Judge granted Plaintiffs' motion to compel this information in light of Plaintiffs' theory of vicarious liability. *Id.* Again, Defendants contend vicarious liability is not at issue in this case and therefore, there is no legal justification for discovery of this information. *Id.* Alternatively, Defendants agree to produce an organizational chart including all the information requested in Interrogatory Number 20. *Id.*

As discussed in regard to Interrogatory Number 5, Defendants' argument is without merit. Vicarious liability remains at issue in this case, despite Defendants' admission that Duhon was a statutory employee of FAF, Inc. (TN) at the time of the accident because of Plaintiffs' intent to prove that multiple Defendants were simultaneously or jointly and severally liable for Duhon's actions under a theory of vicarious liability. Therefore, a listing and description of the affiliations between Defendants is relevant to Plaintiffs' claims and the Magistrate Judge's ruling on the issue is not contrary to law.

## VII.   Interrogatory No. 21

Seventh, Defendants assert that the Magistrate Judge erred in ordering Defendants to produce their SMS Crash Indicator category numeric rating. [DN 66 at 817]. The SMS Crash Indicator is a numerical score produced by the FMCSA which reflects the number of crashes a

carrier is involved in compared to other carriers. *Id.* Defendants summarily state the FMCSA has found the Crash Indicator rating to be unreliable and meaningless. *Id.* Thus, Defendants claim, the Magistrate Judge misinterpreted the rating and erred in finding it relevant to the current action. *Id.* at 818.

Based on the information provided by Defendants in their objection, there is no indication that the Crash Indicator is unreliable or meaningless, or, as Defendants claim, the FMCSA holds such views. In fact, the FMCSA states that the Crash Indicator uses state-reported crash data to calculate the relative crash involvement for each carrier. *Id.* at 817. The rating includes all reportable crashes, regardless of the carrier's or driver's role in the crash. *Id.* Currently, the FMCSA is conducting a Crash Preventability Demonstration Program to examine "industry assertions that crashes of these types are not preventable and that removing these crashes from motor carriers' records would result in a better correlation to future crash risk, as well as to inform future policy decisions on this issue." *Id.* at 818.

Regardless of whether the Crash Indicator rating is a reliable predictor of future crashes, or the FMCSA decides to make changes to the rating in the future, the Crash Indicator remains one of the seven different safety parameters monitored by the FMCSA and reported to specific motor carriers. It may be relevant to Plaintiffs' punitive damages claim because it speaks to Defendants' knowledge regarding the risks of their operation to the public. *See Horton v. Union Light, Heat & Power Co.*, 690 S.W.3d 382, 389 (Ky. 1985) ("[P]unitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motives or reckless indifference to the rights of others."). Accordingly, the Magistrate Judge's ruling on this issue is not clearly

erroneous or contrary to law. Discoverability and admissibility are not necessarily the same. The Court's ruling on discoverability does not necessarily mean the evidence is admissible.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Objection to Magistrate Judge's Opinion and Order [DN 66] is **SUSTAINED IN PART** and **OVERRULED IN PART**.

(1) The Court **SETS ASIDE** Interrogatory Number 16. Defendants are ordered to produce a list identifying all safety managers employed by Defendants during the past five (5) years, including their current title and location, as well as all individuals who were previously employed in that capacity but are no longer so employed.

(2) Plaintiffs' request to amend Interrogatory Number 8 to include Defendants' violations of chapter 395 of the FMCSR from 2012 to 2018 is **GRANTED**.

(3) Defendants are ordered to comply with the remainder of the Magistrate Judge's Opinion and Order.

*Thomas B. Russell*

Thomas B. Russell, Senior Judge
United States District Court

October 4, 2019

CC: Attorneys of Record