UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:18-CV-00141-TBR-LLK

J.B. BURRELL, JR., *et al.*                                          PLAINTIFFS

v.

LINDY W. DUHON, *et al*.                                              DEFENDANTS

**OPINION AND ORDER**

Judge Thomas B. Russell referred this matter to Magistrate Judge Lanny King for ruling on all discovery motions. (Docket # 23). This matter is before the Court on Plaintiffs J. B. Burrell, Jr. and Marie Burrell's Third Motion to Compel Discovery. (Docket # 98). Defendants Lindy W. Duhon, Lindy Duhon Trucking, LLC, Forward Air, Inc., Forward Air Corporation, and Forward Air Technology and Logistics Services, Inc., have responded. (Docket # 103). This matter is ripe for adjudication.

For the reasons stated herein, Plaintiff's Third Motion to Compel is **GRANTED IN PART AND DENIED IN PART**. (Docket # 98).

**Factual Background**

This matter arises from an action for personal injury by Plaintiffs, team truck drivers, who were traveling on Interstate 24 in Marshall County, Kentucky on September 30, 2017 at around 2:00 a.m. Defendants' tractor-trailer, operated by Mr. Duhon, had overturned onto its side and was stationary, having come to rest in the middle of the road. The front of the vehicle was facing backward toward oncoming traffic, with the underside facing eastward. Plaintiff J.B. Burrell, driving his own tractor-trailer, came upon the Defendants' a few minutes later and collided with the overturned vehicle. Plaintiffs J.B. Burrell and Marie Burrell were both injured in the collision.

1

On August 24, 2018, the Plaintiffs filed their lawsuit in Marshall Circuit Court, where it was subsequently removed to this Court. (Docket #1-4). Plaintiffs assert six separate claims against Duhon and the Forward Air Defendants: (1) negligence; (2) negligence per se; (3) strict liability; (4) vicarious liability; (5) negligent hiring, retention, and training; and (6) gross negligence. (Docket #1-4 at 10-14).

**Relevant Procedural Background**

Following removal, Judge Russell referred all discovery matters to Magistrate Judge King. (Docket #23). Plaintiffs filed a Motion to Compel certain discovery from Defendants. (Docket # 33). Judge King issued an Opinion and Order granting in part and denying in part Plaintiff's Motion to Compel. (Docket # 62). Defendants then filed Objections to Judge King's Opinion and Order. (Docket # 66). Judge Russell issued a Memorandum Opinion and Order sustaining in part and overruling in part the objections to Judge King's Opinion and Order. (Docket # 105).

Plaintiffs have now filed a Third Motion to Compel Discovery.[1] (Docket # 98). Plaintiffs seek to compel production of information responsive to requests for production of documents, which were subpoenaed, along with notices of the Rule 30(b)(6) deposition of Forward Air, the deposition of Timothy Parker, and the deposition of Forward Air Senior Vice President of Safety, Matt Casey. (Id.). Defendants have filed a response, arguing that Plaintiffs' Motion "is without substantive merit and appears to be duplicative of issues raised in their previous motions to compel, and/or are the subjects of the pending Objections to the Magistrate's Order filed with the Court on June 13, 2019."[2] (Docket # 103 at 1).

---

[1] Plaintiffs' First Motion to Compel Discovery (Docket # 33) was filed on February 8, 2019 and their Second Motion to Compel Discovery (Docket # 45) on April 12, 2019.
[2] Judge Russell's Memorandum Opinion and Order on the objections (Docket # 105) issued on October 4, 2019 after the Defendants filed their Response (Docket # 103) on September 27, 2019.

## Legal Standard

### *The Relevance Standard*

Rule 26(b)(1) of the Federal Rules of Civil Procedure allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV.P.26(b)(1); *see also* FED.R.CIV.P.26(b) Advisory Committee's Note to 2015 Amendment. Relevance is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. Albritton v. CVS Caremark Corp., No. 5:13-CV-00218-GNS-LLK, 2016 WL 3580790, at *3 (W.D. Ky. June 28, 2016) (*citing* Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (citation omitted)). The proponent of a motion to compel discovery bears the initial burden of demonstrating relevance. *See* Gruenbaum v. Werner Enters., Inc., 270 F.R.D. 298, 302 (S.D. Ohio 2010); Anderson v. Dillard's, Inc., 251 F.R.D. 307, 309–10 (W.D. Tenn. 2008). The spirit and purpose of the Federal Rules of Civil Procedure demonstrate that the relevance threshold is a relatively low one. *See* John Wiley & Sons, Inc. v. Book Dog Books, LLC, 298 F.R.D. 184, 186 (S.D.N.Y. 2014); Wrangen v. Pa. Lumbermans Mut. Ins. Co., 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008).

However, the scope of discovery is not unlimited. "On motion or on its own, the court must limit the frequency or extent of discovery . . . if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Albritton. 2016 WL 3580790 at *3 (quoting FED.R.CIV.P.26(b)(2)(C)(iii)). The determination of "the scope of discovery is within the sound discretion of the trial court." Cooper v. Bower, No. 5:15-CV-249-TBR, 2018 WL

663002 at *1 (W.D. Ky. Jan. 29, 2018), *reconsideration denied*, 2018 WL 1456940 (W.D. Ky. Mar. 22, 2018) (*quoting* Chrysler Corp. v. Fedders Corp., 643 F.2d 1229, 1240 (6th Cir. 1981)).

A party may not be permitted to "go fishing" through discovery requests that are "too broad and oppressive." Surles ex rel Johnson v. Greyhound Lines, Inc., 474 F.3d 288, 305 (6th Cir. 2007). A discovery request for otherwise relevant documents may be too broad or otherwise overly burdensome when it applies to a generally broad category or group of documents or a broad range of information, *see* Transamerica Life Inc. Co. v. Moore, 274 F.R.D. 602, 609 (E.D. Ky. 2011), or where it requires the producing party to incur excessive costs that outweigh the benefits to the requesting party. FED.R.CIV.P.26(2)(b).

### *Standard for Production Linked with Depositions*

Rule 30 permits parties to conduct discovery through use of depositions. When a corporation is the party to be deposed, a party must name the entity and "describe with reasonable particularity the matters for examination." FED.R.CIV P.30(b)(6). "The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." Id. A corporate designation under this Rule serves to distinguish the testimony of a fact witness from the testimony of the representative of the corporate entity itself. Jecker v. Monumental Life Ins. Co., No. 3:12-CV-219-DJH, 2014 WL 4063568, at *1 (W.D. Ky. Aug. 15, 2014) (*citing* FED.R.CIV.P.30(b)(6)).

Additionally, a party may serve a subpoena seeking production of documents related to the subject matter of a deposition. FED.R.CIV.P.30(b)(2). The request must "describe with reasonable particularity each item or category of items to be inspected." Consumer Financial Protection Bureau v. Borders & Borders, PLC, Civil Action No. 3:13-CV-1047-CRS, 2016 WL

4

9460471, at *3 (W.D. Ky. June 29, 2016) (*citing* Great Amer. Ins. Co. of New York v. Vegas Const. Co Inc., 251 F.R.D. 534, 541 (D. Nev. 2008)).  The party who seeks discovery pursuant to the Rule must describe the matters to be explored in the deposition with "reasonable particularity" sufficient to enable the responding corporation or business entity to produce a representative witness who can testify to the entity's knowledge on the topics so identified. Consumer Financial Protection Bureau, 2016 WL 9460471, at *3 (*citing* QBE Ins. Corp. v. Jorda Enterprises, Inc., 277 F.R.D. 676, 687-92 (S.D. Fla. 2012)) (setting forth the 37 fundamental principles for 30(b)(6) depositions "into a de facto Bible governing corporate depositions.").  A party has 30 days after being served with the notice and subpoena to respond to the requests. FED.R.CIV.P.34(b)(2)(A).

## Analysis

Plaintiffs seek to compel production as relates to various requests attached to deposition notices.  For ease of organization and comprehension, the Court has categorized the requests into three broad groups: (1) Requests for Production to which Defendants assert that they have provided all responsive information within their possession, custody, or control; (2) Requests for Production explicitly addressed in Judge Russell's Memorandum Opinion and Order (Docket # 105); and (3) Requests for Production to which Defendants have objected.

**I.     Items 20, 26, 34, the Organizational Chart, and the List of Employees requested with the Notice of 30(b)(6) Deposition Notice for Corporate Representative Matt Casey; Items 18, 20, 22, 23, and 31 requested in the Notice of Deposition of Timothy Parker; Items 9, 10, 11, and 12 requested with the Notice of Deposition of Matt Casey set for October 29, 2019.**

Plaintiffs seek production of documents stemming from the depositions of Matt Casey as a Rule 30(b)(6) representative of the Forward Air entities, Timothy Parker, the Forward Air Safety Director, and Matt Casey, in his capacity as Senior Vice President of Safety for the

5

Forward Air Entities. (Docket # 98). Defendants have responded that they have fully produced all documents in their possession, custody, or control that are responsive to these requests. (Docket # 103). They further state that the production took place within the prescribed 30-day period required by FED.R.CIV.P.34(b)(2)(A). (Id.). There is no objection based on relevance, nor does the Court address relevance. Plaintiffs only argue that they have not received the requested information. (Docket # 98).

To be required to produce information, a party must have "possession, custody, or control" of such information. Fed.R.Civ.P.34(a)(1). *See* In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995). Defendants maintain that they have produced all responsive documents over which they have possession, custody, or control. In addition, the deposition at the core of this dispute took place on June 28, 2019, with the production of associated documents occurring on July 1, 2019. Such production was timely. *See* FED.R.CIV.P.34(b)(2)(A).

If Defendants have not already done so, Plaintiffs are entitled to a certification under Federal Rule of Civil Procedure 26(g)(1) and 34(a) that all responsive documents in the possession, custody or control of Defendants have been produced following a reasonable inquiry. *See* Bye v. Nationwide Mut. Ins. Co., Case No. 08-10824, 2009 WL 10680328, at *1 (E.D. Mich. Dec. 23, 2009). Defendants will provide such a certification no later than October 29, 2019, the deadline for fact discovery.

For these reasons, Plaintiffs' Motion to Compel production of these items is **GRANTED**, and Defendants shall certify that they have produced all relevant information within their possession, custody, or control no later than October 29, 2019.

**II.    Requests for Production Addressed by Judge Russell's Memorandum Opinion and Order on Defendants' Objections to Judge King's Order on the Motion to Compel (Item 27 requested in the Notice of 30(b)(6) deposition of Matt Casey and Item 29 requested in the Notice of Deposition of Matt Casey set for October 29, 2019).**

Plaintiffs seek to compel production of documents related to "the retention of records concerning Lindy Duhon, Loretta Duhon, and Lindy Duhon Trucking, LLC as required by 49 CFR § 391" from Matt Casey's 30(b)(6) deposition (Docket # 98 at 3) and "all documents, records, and electronically stored information for all accidents for which violations of the FMCSR[3] were issued or assessed against FAF, Inc. from 2012 through 2018 including [but] not limited to the violation assessed in November 2017." (Id. at 7).

However, Judge Russell has already addressed these items in his Memorandum Opinion and Order on Judge King's Order on the Motion to Compel. (Docket # 105). For this reason, Plaintiffs' Motion to Compel as to these items is **DENIED** as moot?

**III.    The Contested Requests for Production of Documents.**

The parties scheduled the October 29, 2019 deposition of Matt Casey, in his capacity as Senior Vice President of Safety for the Forward Air entities, on September 11, 2019, during a telephonic status conference conducted by the Court. (Docket # 96). Rule 30 dictates that the responsive party shall have 30 days to provide the documents requested in the Notice of Deposition. FED.R.CIV.P.34(b)(2)(A). This means that Defendants had until October 11, 2019 to respond to Plaintiffs' request for production. The Court addresses each contested item in turn.

---

[3] Federal Motor Carrier Safety Regulations.

*Defendants' Use of Boilerplate Language in Objections*

As an initial matter, the Court will note the use of boilerplate objections utilized by Defendants in their responses to Plaintiffs' discovery requests. Usage of boilerplate objections to interrogatories and request for production is not permitted under the Federal Rules of Civil Procedure. *See* FED.R.CIV.P.33(b)(4). By definition, "boilerplate" is "[r]eady-made or all-purpose language that will fit in a variety of documents." *Boilerplate*, Black's Law Dictionary (7th ed. 1999).

Judge Cleland in our sister district, the Eastern District of Michigan, recently commented on the usage of boilerplate objections, which he referred to as "nothing less than 'a waste of effort and the resources of both the parties and the court.'" Wesley Corp. v. Zoom T.V. Products, LLC, 2018 WL 372700, at *4 (E.D. Mich. Jan. 11, 2018) (*quoting* Guzman v. Irmadan, Inc., 249 F.R.D. 399, 401 (S.D. Fl. 2008) (internal citations omitted). "Defendant's 'objections' to these discovery requests are the typical boilerplate objections known and detested by courts and commentators—and receiving parties—around the nation." Wesley Corp., 2018 WL 372700, at *4. *See also* Steed v. EverHome Mortg. Co., 308 Fed.Appx. 364, 371 (11th Cir. 2009) (noting that boilerplate objections to discovery requests "may border on a frivolous response"); Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. Of Mont., 408 F.3d 1142, 1149 (9th Cir. 2005) (hereinafter "Burlington Northern") (holding that boilerplate objections to discovery requests are insufficient to assert a privilege); Janko Enterprises, Inc. v. Long John Silver's, Inc., 2013 WL 5308802, at *7 (W.D. Ky. Aug. 19, 2013) ("Unexplained and unsupported 'boilerplate' objections clearly are improper.") (citations omitted).

The Wesley Corp. Court prophetically continues, "[t]his court is not the first—nor will it be the last—to condemn the use of boilerplate objections. Indeed, perhaps the only thing more

surprising than the pervasive reliance on boilerplate is the practice's continued existence in the face of strong and widespread criticism by federal courts." Wesley Corp., 2018 WL 372700, at *4. (citations omitted).

Additionally, Magistrate Judge Lindsay addressed the use of boilerplate objections to discovery requests, finding that their usage violates Federal Rule of Civil Procedure 33(b)(4)'s requirement that objections to interrogatories be made with specificity and Federal Rule of Civil Procedure 34(b)(2)(B)'s requirement that objections to requests for production "state with specificity" the grounds for objecting to the request. Mitchell v. Universal Musical Group Inc., Civil Action No. 3:15-CV-174-JHM 2018 WL 1573233, at *5 (Mar. 30, 2018) (overruled in part on other grounds); *see also* FED.R.CIV.P.33(b)(4); FED.R.CIV.P.34(b)(2)(B). Magistrate Judge Lindsay found that the defendant in Mitchell had waived objections to discovery request via overreliance on boilerplate objections.

Though this Court declines to find that Defendants have waived objections through use of boilerplate objections in this case, it does note that their objections have made frequent use of boilerplate language.[4] (*See generally* Docket #33-3; Docket # 45-1; Docket # 103).[5]

---

[4] As Magistrate Judge Lindsay discussed, "Such 'copy and paste' objections often give the impression that the responding party did not take the serving party's discovery requests seriously, and that the responding party had already formulated its replies prior to conducting good faith searches." Mitchell, 2018 WL 1573233, at * 5. "In addition to violating several rules of civil procedure, boilerplate objections also violate the ABA's Model Rules of Professional Conduct. Model Rules of Prof'l Conduct R. 3.4(d) ("A lawyer shall not.... in pretrial procedure, make a frivolous discovery request or fail to make reasonably diligent effort to comply with a legally proper discovery request by an opposing party.")." Id.

[5] In the three Motions to Compel addressed by this Court, 26 out of 84 examined discovery responses have contained the language "Defendants responded and objected to this request … on grounds that the request is vague, overbroad, unduly burdensome, and is not proportional to the needs of the case." No examples of the vagueness, overbreadth, undue burden, or proportionality are specifically addressed, leaving the Court to interpret these contentions with little guidance on the specific applicability of these arguments.

**Item 8: The complete contents of the two day orientation Lindy Duhon received, including but not limited to any written proficiency test, video presentations, PowerPoint presentations, interactive discussion topics, outlines, defensive driving modules, Great West: Seven Essential Driving and Road Test Results.**

Plaintiffs seek to compel production of the above-described documents, each of which were a component of Defendant Duhon's orientation training with the Forward Air entities. (Docket # 98 at 7). Defendants respond with an objection that the request is "vague, overbroad, and unduly burdensome, and is not proportional to the needs of the case." (Docket # 103 at 6).

This request is similar to one previously addressed by this Court in its Opinion and Order on the First Motion to Compel. (Docket # 62 at 25-26). There, this Court found that "information on policies, procedures, programs, rules, handbooks, and instructions that applied to Defendant Duhon as an independent contractor [were] relevant and subject to discovery." (Id. at 26). As in Merriweather v. United Parcel Service Inc., discovery was permitted as to information used to train the specific employee involved in a truck accident. Id. (*citing* Merriweather v. United Parcel Service Inc., Case No. 3:17-CV-349-CRS-LLK, 2018 WL 3572527 at * 17 (W.D. Ky. July 25, 2018)). The same holds true in this case.

Accordingly, Plaintiffs' Motion to Compel a response to Item No. 8 is **GRANTED**.

**Item 22: All systems, rules, policies, procedures, practices, controls, methods, or guidelines utilized by FAF, Inc. from 2012 through 2017 to insure [*sic*] that its drivers are dispatched on routes they complete safely.**

Plaintiff seeks production of these responsive documents, which presumably connect to the potential liability of the Forward Air Defendants for negligent hiring, retention, and training.[6] (Docket # 98 at 7). Defendant objected "on the grounds that the request is vague, overbroad, unduly burdensome, and is not proportional to the needs of the case." (Docket # 103 at 7).

---

[6] Plaintiffs fail to provide supporting citations or authority for their requests, other than stating their desire for the information. Plaintiffs fail to provide arguments or citations to authority for nearly all of their requests for production in their Third Motion to Compel Discovery. (Docket # 98).

The burden rests with the moving party to establish the relevance of an item of discovery sought. *See* Gruenbaum v. Werner Enters., Inc., 270 F.R.D. 298, 302 (S.D. Ohio 2010); Anderson v. Dillard's, Inc., 251 F.R.D. 307, 309–10 (W.D. Tenn. 2008). While the burden for establishing relevance is a low one, it is not non-existent. Here, Plaintiffs have done little to establish relevance, simply stating their request for the information, without providing more than their supporting pleadings to support their request. (Docket # 98 at 7). Plaintiffs must do more than make a bare assertion of relevance.

On its face, the Court notes that the safety information requested here is broadly relevant, as it would broadly govern the supervision of the agent/employee Duhon by principal/employer Forward Air. As discussed above, this Court has recently found that the training materials used to train a specific employee involved a trucking accident were relevant to the claims in that case. Merriweather v. United Parcel Service Inc., Case No. 3:17-CV-349-CRS-LLK, 2018 WL 3572527 at * 17 (W.D. Ky. July 25, 2018).

The safety systems, rules, policies, procedures, practices, controls, methods, or guidelines in place at the time of the accident are likely relevant to the needs of the case, are in the possession of the Forward Air Defendants, and are proportional to the needs of the case. Therefore, the Court will **GRANT** the Motion to Compel production of this information in part. Defendants shall produce the safety systems, rules, policies, procedures, practices, controls, methods, or guidelines in place as of September 30, 2017, the date of the accident. The Court will not require production for the years 2012 to 2016.

**Item 27: All safety management controls utilized by or existing at FAF, Inc. from 2012 to 2018.**

Plaintiffs seek production of these documents, again presumably in connection with their claims for negligent hiring, retention, and training lodged against the Forward Air Defendants.

11

(Docket # 98 at 7). Defendants respond that this request is "vague, overbroad, unduly burdensome, seeks information that is irrelevant to any issue in this action, and is not proportional to the needs of the case." (Docket # 103 at 7-8).

This request is, on its face, drafted quite similarly to the request in Item 22. The Court sees no need to deviate from its reasoning with regard to that item here. Plaintiff's Motion to Compel a response is **GRANTED**, to the extent that the Forward Air Defendants shall be required to produce all safety management controls utilized or existing at FAF, Inc. at the time of the accident, September 30, 2017. The request is **DENIED** as to safety management controls no longer in place at the time of the accident, or those put into place after the accident, as a broad production of all controls in place from 2012 to 2018 is not proportional to the needs of this case, nor has Plaintiff supported the relevance of such production with authority.[7]

> **Item 29: All documents, records, and electronically stored information for all accidents for which violations of the FMCSR were issued or assessed against FAF, Inc. from 2012 through 2018 including [but] not limited to the violation assessed in November 2017.**

Plaintiffs seek production of this information documenting violations of the Federal Motor Carrier Safety Regulations (FMCSR) issued or assessed against the Forward Air Defendants. (Docket # 98 at 7). Defendants respond with an objection "on grounds that the request is vague, overbroad, unduly burdensome, seeks information that is irrelevant to any issue in this action, and is not proportional to the needs of the case." (Docket # 103 at 8).

This request is similar to one raised in the first Motion to Compel by Plaintiffs. (Docket # 33 at 8). Judge King granted the request for Defendants to "Identify all violations of the FMCSR

---

[7] Any change in safety procedure would possibly be inadmissible at trial as a subsequent remedial measure. *See* FED.R.EVID.407; KRE 407. The standard for admissibility is much more rigorous than the standard for relevance. Cameron v. DaimlerChrysler Corp., Civil Action No. 04-24-JMH, 2005 WL 8165031, at *1 (E.D. Ky. Apr. 8, 2005). However, given the lack of citation to authority by Plaintiffs supporting relevance, the Court sees no issue in including the subsequent remedial measure consideration in its determination of relevance.

assessed against this Defendant during 2016, 2017, and 2018." (Docket # 62 at 7). Judge Russell, in his Memorandum Opinion and Order addressing the ruling, expanded the scope of that interrogatory to include violations of chapter 395 of the FMCSR assessed against Defendants from 2012 to 2018. (Docket # 105 at 8).[8]

Given the similarity of the request here, the Court sees no need to deviate from the reasoning underlying Judge Russell's Memorandum Opinion and Order. (Id.). For these reasons, Plaintiff's Motion to Compel production of documents relating to Item 29 is **GRANTED**.

**Item 30: All documents, records, and electronically stored information reflecting the log audits performed by FAF, Inc. from 2012 through 2017**.

Plaintiff seeks production of this information, presumably to build their case that the Forward Air entities were not properly following safety procedures in the regulation of the driver's routes and safety. (Docket # 98 at 7). Defendants object, again arguing that the "grounds that the request is vague, overbroad, unduly burdensome, seeks information that is irrelevant to any issue in this action, and is not proportional to the needs of the case." (Docket # 103 at 8).

---

[8] Defendants' FMCSR violations are relevant to Plaintiffs' claims. 49 CFR § 3923 governs violations for operating a commercial motor vehicle while ill, fatigued, or impaired by illness or other cause; 49 CFR § 391.11 and § 391.15 govern drivers who are not physically qualified, driving a commercial motor vehicle while disqualified, or suspended for safety or non-safety related reasons; and 49 CFR § 385.3 and § 385.11 are related to Defendants' final safety ratings. Any violations of these regulations are relevant to Plaintiffs' claims regarding Defendants' knowledge of the safety risks associated with their employment practices and the fitness of Defendants' employees. As Judge Russell noted in his rulings on the Defendant's Objections to Judge King's Order & Opinion, discovery of Defendants' FMCSR violations is proportional to the needs of the case. (Docket # 105). Defendants argue that the burden of the proposed discovery outweighs its likely benefits because it will require "Defendants to assign multiple employees to manually review and summarize information contained in several thousands of documents stored in several thousands of boxes, and to record each and every violation of the five specified statutes committed by their 16,000 drivers for a seven-year period." (internal citation omitted). However, in the same breath, Defendants note that "most of the same information is equally available to Plaintiffs on the FMCSA website." Id. As Judge Russell further noted, "Based on Defendants' own objection, it appears that many of their concerns regarding the burden of producing the FMCSR violations can be alleviated by sourcing the information from the FMCSA website as opposed to their physical records. Thus, given the potential benefits of this information to Plaintiffs' claims regarding Defendants' knowledge of the safety risks associated with their employment practices and the fitness of Defendants' employees, the burden of the proposed discovery does not outweigh its likely benefits. Accordingly, discovery of Defendants' FMCSR violations is proportional to the needs of the case." (Docket # 105 at 6-7).

The Court agrees that this interrogatory, on its face, is far too broad. Relevance is to be construed broadly, but the scope of discovery is not unlimited. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Even if a request is broadly relevant, the Court may limit discovery to fit the needs of the case. This request, on its face, does not present information relevant to the claims, nor do Plaintiffs support the assertion with any authority. Nor does the Court find any authority that supports such a broad inquiry of log audits. Without a more specific citation to authority or support of some sort, the Plaintiffs' request is not well-taken.

For these reasons, Plaintiffs' Motion to Compel production of documents related to the inquiry of Item 30 is **DENIED**.

## Conclusion

**IT IS HEREBY ORDERED** that Plaintiff's Third Motion to Compel Discovery is **GRANTED IN PART AND DENIED IN PART,** as described above. (Docket # 98).

Lanny King, Magistrate Judge
United States District Court

October 16, 2019